McDonald, Sheriff, etc., vs. Allen, impleaded.

## McDONALD, Sheriff, etc., vs. ALLEN, imp.

INTERPLEADER.  *When may not be filed.*
SHERIFF.  *His duty, when contestants claim money in his hands.*

1. One who has in his hands a fund to which there are contesting claimants, should not be permitted to file a *bill of interpleader*, when he can otherwise exonerate himself from liability to such claimants.

2. Plaintiff, as sheriff, made an execution sale, and after satisfying his execution had a balance of the proceeds, to which creditors of the execution debtor made conflicting claims. *Held*, that he might relieve himself from responsibility to such claimants by paying the money into court, making a full return of the facts out of which the controversy in regard to the money arose, notifying all the parties interested in the fund, and leaving them to apply to the court to determine the priority of their respective claims ; and he should not be allowed to maintain a bill of interpleader.

3. If one of the rival claimants of the fund had obtained a rule upon the sheriff to pay the money upon an execution in favor of such claimant, the sheriff might relieve himself of responsibility by giving the other claimants notice of the rule, so that they might have an opportunity to be heard upon its return.

4. *At the time of the execution sale*, the sheriff had in his hands an execution against the same debtor in favor of A. (which was subsequent to that upon which the sale was made); and the balance in his hands was sufficient to satisfy A.'s execution. *On the next day*, two attachments against the property of such debtor were put in his hands, and the attachment creditors claimed that A's judgment was fraudulent and void as against them. *Held*, that the sheriff had a *reasonable time* after the sale to pay over the balance in his hands to A. on the execution in favor of the latter; that he was not negligent in failing to pay it over before the next day; and that after the attachments were placed in his hands with notice of the claim of priority made for them, it was his duty to return the execution with the facts, and pay the money into court, notifying the parties in interest as above stated.

McDonald, Sheriff, etc., vs. Allen, impleaded.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint in this action alleges, that in December, 1873, the plaintiff, as sheriff, levied on certain cases of boots and shoes, by virtue of an attachment issued in an action by Wright and others against one Beekman; that judgment was obtained in the action, March 23, 1874, and on the 30th of March, 1874, execution was issued thereon and placed in his hands; that on the same day a judgment was entered on cognovit against said Beekman in favor of *Alfred Allen* for $1,582.50, and on the same day execution was issued thereon and placed in his hands; that by virtue of said executions he advertised and sold the property April 22, 1874, and after satisfying the execution in favor of Wright and others, there remained in his hands $1,710.90; that, April 23, 1874, a writ of attachment against said Beekman, in an action brought by the Finley Shoe and Leather Company, for $296.40, was placed in his hands; and that on the 24th of April a writ of attachment was also placed in his hands in an action brought by Cadys and Awl against Beekman for $977.13; that *Allen* claims that his judgment and execution are *bona fide*, and that the later attaching creditors, the Finley Shoe and Leather Company, and the Cadys and Awl, claim that they are *bona fide* creditors, and that the judgment in favor of *Allen* is fraudulent and void, entered by collusion between Beekman and *Allen* for the sole purpose of hindering and delaying creditors, etc.; and that the plaintiff is ignorant of the rights of the several claimants. Prayer, that the defendants, *Allen*, the Shoe and Leather Company and Cadys and Awl, be required to interplead; that the plaintiff's costs be paid out of the fund, etc. The defendant *Allen* demurred, assigning as grounds, among others, that the complaint did not state facts sufficient to constitute a cause of action. From an order overruling the demurrer defendant *Allen* appealed.

*Carys & Cottrill,* for appellant, argued that it was the sheriff's duty to pay the *Allen* execution. R. S. 1858, ch. 13, sec. 69;

C. C. Rule (2 Simmons' Digest, 14); *Fendall v. Turner*, 1 Cranch, 35 ; *Dawson v., Holcomb*, 1 Ohio, 135.   The execution being regular on its face, received and fully executed before the later attachment came to his hands, he would have been protected in paying over the money to *Allen.   State v. Giles*, 10 Wis., 101 ; *Grace v. Mitchell*, 31 id., 533. Or, he might have asked indemnity, which the complaint shows he has not.   *Brewster v. Van Ness*, 18 Johns., 133 ; *French v. Willet*, 4 Bosw., 649.   The complaint shows that the sheriff has done nothing with the attachments but to receive them.   He could not levy by virtue of them, as the money was in the custody of the law.   Drake on Attachment, §§ 251, 503, 507.   The case is not a proper one for bill of interpleader.   The sheriff should have paid over to *Allen* on the 22d of April, the day of sale, as commanded in the writ. If he is in peril, it is by reason of his delay.   Interpleader will not lie.where a party by his own act has placed himself in position to be sued.   *Belcher v. Smith*, 9 Bing., 82 ; *U. S. v. Victor*, 16 Abb., 158; *Crawshay v. Thornton*, 7 Sim., 391 ; *S. C.*, 2 Myl. & C., 1 ; *Pearson v. Cardon*, 4 Sim., 218 ; *S. C.*, 2 Rus. & M., 606 ; *Patorni v. Campbell*, 12 M. & W., 277.   Nor where the plaintiff has been a wrong doer or is in default.   *Shaw v. Coster*, 8 Paige, 339 ; *Marvin v. Ellwood*, 11 id., 365 ; *Gwin v. Green*, 1 Ired. Eq., 229 ; *McGaw v. Adams*, 14 How. Pr., 461 ; *Dalton v. Midland R. R. Co.*, 12 Com. Bench, 458.   For proper case for bill to lie they cited Willard's Eq. Jur., 313 ; *Atkins v. Mauks*, 1 Cow., 703 ; Voorhees' Code, 10 ed., sec. 122, note ; *Browning v. Watkins*, 10 Sm. & Mar., 482 ; 2 Story's Eq. Jur., 160, 164, 148.

*Johnson & Rietbrock*, for respondents, contended that an attaching creditor can attack a sale as fraudulent as to the property attached. *Haines v. Campbell*, 8 Wis., 187 ; *Welch v. Sackett*, 12 id., 243 ; *Stein v. Hermann*, 23 id., 132.   The attaching creditors could have their attachment levied upon the money as that of Beekman, and assail the cognovit judgment in favor of *Allen.*   The sheriff has the money, and it is claimed by both

*Allen* on his execution and the attaching creditors on their attachments. He is obliged to make such returns upon them as will subject him to an action for a false return upon one or the other. He is ignorant of the merits of the controversy, and is, as between the parties, in the attitude of an innocent stakeholder. *Pennypacker's Appeal*, 57 Pa. St., 114; *Child v. Mann*, Law Rep., 2 Eq. Ca., 806; *Nash v. Smith*, 6 Conn., 421.

COLE, J. We are quite well satisfied that the facts stated in the complaint present no case for a bill of interpleader. The sheriff has another ample remedy, and does not need the aid of the court by a bill of interpleader for his protection. A bill of interpleader is defined by an approved writer on equity jurisprudence as follows: "A bill of interpleader is a bill filed for the protection of a person from whom several persons claim legally or equitably the same thing, debt or duty; but who has incurred no independent liability to any of them, and does not himself claim an interest in the matter. The equity is, that the conflicting claimants should litigate the matter amongst themselves without involving the stakeholder in their dispute." Adams' Eq., 202. Substantially the same definition is given or adopted in 2 Story's Eq., §§ 806 and 807; Jeremy on Eq., 347; Willard's Eq., 314; and *Bedell v. Hoffman*, 2 Paige, 200. The principle on which the jurisdiction is supported, is the danger of injury to the plaintiff from the doubtful titles of the defendants. Mitf. Plead., 49. "The filing of bills of interpleader ought not to be encouraged; and they should never be brought except in cases where the complainant can in no other way protect himself from an unjust litigation in which he has no interest." Ch. WALWORTH, in *Bedell v. Hoffman*, *supra*.

"The true ground," says Mr. Justice Story, "upon which the plaintiff comes into equity, is, that claiming no right in the subject matter himself, he is, or may be, vexed by having two

legal or other processes, in the names of different persons, going on against him at the same time." 2 Story's Eq. Jur., § 807.

According to these authorities, if the plaintiff could exonerate himself from all liability in respect to the funds in his hands without filing a bill of interpleader, then he should not invoke that remedy. And we have no doubt but that he could do so, and effectually relieve himself from all responsiblity, by paying the money into court, and by making a full return of the facts out of which the controversy in regard to the money arose. The complaint states the nature of this controversy. It is a contest between different creditors of Beekman as to who is entitled to the money in the hands of the sheriff after the Wright execution is satisfied. *Allen* claims the amount by virtue of his prior judgment and execution, while the subsequent attaching creditors insist that this judgment is fraudulent and void as to them. Now it seems to us the sheriff ought not to be called upon to settle this controversy between these different creditors, and that the proper course for him to pursue is to pay the money into court and make return of the facts, and leave the parties in interest to apply to the court for a determination of the question to whom the money belongs. This course, it seems to us, will afford him full protection. There are most weighty reasons of public policy which forbid that the sheriff should be mixed up in such litigation unless absolutely essential for his protection. He has important duties to perform of an official and public nature, and which he might not be able to properly perform if he has to prosecute suits to settle such conflicting claims. Besides, the officer, if allowed this remedy, would seek to charge the expense of the litigation to the funds in his hands, to the injury and prejudice of creditors having process to which such funds should be applied. And we therefore think that if there was any question as to whom the money belongs to, it was the duty of the sheriff to pay it into court, making a return of the facts, and let the court decide upon the conflicting claims of the creditors. This is the practice

McDonald, Sheriff, etc., vs. Allen, impleaded.

approved by Mr. Crocker in his work on the duties of sheriffs, p. 168, and we deem it the proper one to be adopted. It effectually protects the officer, and relieves him from the necessity of filing bills of interpleader to settle questions which can much better be determined by the court on the application of the creditors in interest.

We will add further, that our views upon the subject may be fully understood, that upon the sheriff's paying the money into court and notifying all parties interested in the controversy of what he has done, he should be deemed to have performed his duty in the premises; and also that if *Allen*, upon the facts disclosed in the complaint, had obtained a rule upon the plaintiff to pay the money on his execution, in that case the plaintiff might relieve himself of all responsibility by giving the attaching creditors notice of this rule, and affording them an opportunity to be heard on its return. This course will work no inconvenience or injury to the sheriff, and is the one suggested in *Saunders v. Bridges*, 3 Barn. & Ald., 95; *Warmell v. Young*, 5 Barn. & Cress., 660, by which the officer may relieve himself from liability. In the absence of all authority we should have been disposed to lay down the same rule as to the duty of the sheriff, but it is a comfort to know that it has the sanction of the court of King's Bench. It is the best general rule that can be laid down in a case like the one set forth in the complaint, both for the protection of the officer and to secure to creditors a just settlement of their conflicting claims. And it effectually does away with the necessity for filing bills of interpleader by the sheriff, which, if allowed, would inevitably open a wide door to litigation, and in many instances, probably, to favoritism on the part of those officers.

It appears from the complaint that the plaintiff, as sheriff, on the 30th of March, 1874, received two executions issued upon judgments rendered against one Beekman: one in favor of Wright and others, and one in favor of the defendant *Allen*. The Wright execution had preference by reason of a prior at-

McDonald, Sheriff, etc., vs. Allen, impleaded.

tachment in the suit in which it was rendered. These executions were levied upon certain property of the judgment debtor, which was advertised and sold, April 22. The Wright execution was satisfied, and there remained in the sheriff's hands $1.710.96. *Allen's* execution was issued for $1,589.50. On the 23d of April, the defendant The Finley Shoe and Leather Company placed in the sheriff's hands an attachment against Beekman for a debt of $294.60; and the next day the other defendants, the Cadys and Awl, placed in his hands another attachment against Beekman for $977.13. It is claimed by the learned counsel for *Allen*, that the sheriff ought, on the day of the sale, viz., the 22d of April, to have satisfied the *Allen* execution and paid over the money collected thereon, and that he was guilty of a violation of duty and disobeyed the command of his writ by neglecting to do so. We do not, however, think the sheriff was guilty of any negligence in failing to pay over the money to *Allen* on the day of sale, but he had a reasonable time to do so. On the contrary, as we have indicated, we think it was the duty of the sheriff, when the attachments were placed in his hands with the claim on the part of the attaching creditors that the *Allen* judgment was collusive and fraudulent, entered up for the benefit of Beekman, to have made return of the execution with the facts, and paid the money into court, notifying the parties in interest of what he had done.

The demurrer should have been sustained, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

*By the Court.* — The order of the circuit court overruling the demurrer is reversed, and the cause remanded for further proceedings.