MACKEY and others, Respondents, vs. MICHELSTETTER and others, imp., Appellants.

*May 23 — June 21, 1890.*

*Debtor and creditor: Equity: Fraudulent conveyance: Adequate remedy at law: Execution: Attachment: Priority of liens.*

Chattels which had been mortgaged by a debtor were attached in an action by an unsecured creditor, and were afterwards sold under an execution on a judgment in favor of another unsecured creditor, who himself purchased the goods at such sale. The proceeds of the sale were in the hands of the sheriff. *Held*, that an action in equity could not be maintained by said judgment creditor and the sheriff to have the mortgages declared void or to restrain the prosecution of an action by one claiming under said mortgages against the sheriff for a conversion of the goods. The remedy at law was adequate. The judgment creditor might, under sec. 2610, R. S., become a party to the action for a conversion and therein attack the validity of the mortgages; and the priority of the liens of the different creditors might be determined by the court on motion.

APPEAL from the Circuit Court for *Chippewa* County. Action to set aside, and to have declared null, void, and fraudulent as to creditors, three chattel mortgages executed by the defendant *Henry Michelstetter* to the defendants *Morris Michelstetter*, *Arthur Michelstetter*, and *T. J. Cunningham*, respectively, and a sale of the property under said mortgages to the defendant *Morris Michelstetter*, and to enjoin said *Morris Michelstetter* from prosecuting an action against the plaintiffs *Weiner* and *Guyon* (the sheriff and his deputy) for a conversion of said property, which had been sold by them under and by virtue of an execution issued upon a judgment in favor of the plaintiff *Mackey* and against the defendant *Henry Michelstetter*. The plaintiff *Mackey* was himself the purchaser at said execution sale. The defendants Jansen, McClurg, and Smith are creditors of *Henry Michelstetter*, the mortgagor, and had attached the property in question after the execution of the mortgages and the sale thereunder to *Morris Michelstetter*, and before the issuance of the execution in favor of the plaintiff *Mackey*. A part of the relief demanded is that the lien of said attaching creditors be determined, either as prior to that of the plaintiff *Mackey* or as subject thereto. Other facts stated in the complaint will sufficiently appear from the opinion.

The defendants the *Michelstetters* and *Cunningham* demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and appealed from an order overruling such demurrer.

For the appellants there was a brief by *D. Buchanan, Jr.*, and oral argument by *S. N. Dickinson*.

For the respondents there was a brief by *Griffin & Walmsley*, and oral argument by *H. B. Walmsley*.

COLE, C. J. The demurrer to the complaint should have been sustained for this reason, if no other, that the plaintiff had a complete and adequate remedy at law and there was

no necessity for invoking the jurisdiction of a court of equity to protect his rights. He claims to be a creditor of *Henry Michelstetter*. He has obtained a judgment on his debt, has issued an execution on his judgment under which the sheriff seized and sold the personal property which the judgment debtor had previously mortgaged to the creditors named. The action proceeds on the assumption that these chattel mortgages are fraudulent and void as to the other creditors of the mortgagor. The plaintiff asks the intervention of a court of equity to declare them void and fraudulent as to such creditors. But what is the necessity for such an adjudication? If these chattel mortgages are void as to such creditors, they are certainly open to an attack on that ground in an action at law. The correctness of this view cannot be successfully denied. Why, then, resort to equity to obtain a decree adjudging the chattel mortgages null and void as to creditors, when, if such is their character, they constitute no obstacle whatever to the creditors' collecting their debts by the usual legal process? Indeed, the complaint shows that the plaintiff *Mackey* disregarded these mortgages, and has caused the mortgaged property to be sold on an execution, and that his co-plaintiffs hold the proceeds of the sale as sheriff and deputy sheriff. It is surely not necessary that there be a judgment declaring that the lien of the attaching creditors on the fund is prior in right and superior in equity to the lien of the chattel mortgages. The contest between the different creditors, as to whom the fund belongs to, can be determined on a motion by the court. *McDonald v. Allen*, 37 Wis. 108; *Allen v. Beekman*, 42 Wis. 186. There is no necessity for a decree declaring the priority of the liens. But besides, it appears that one of the mortgagees has commenced an action of trover against the sheriff and his deputy for the value of the property seized and sold under the execution. Why cannot *Mackey* apply to be made a party defendant

to that suit under sec. 2610, R. S., when he will be in a position to directly attack the validity of the plaintiff's title, which is involved in that action? For it is evident that *Morris Michelstetter's* right to the property in question will turn upon the validity of his chattel mortgage and the legality of the sale made under it. As a part of the relief demanded in this suit, the plaintiff asks that *Morris Michelstetter* be perpetually enjoined from prosecuting an action of trover for the value of the property which the officers sold upon the execution. But we are at a loss to know upon what ground or principle a court of equity will grant such relief. If *Morris Michelstetter* had a good title to the mortgaged property, he is entitled to recover its value. But, if his title is founded upon an instrument which is fraudulent as to the mortgagor's creditors, it can be impeached and defeated in the trover action.

In any view which we have been able to take of the case, we see no necessity for bringing this equitable action. The questions as to the validity of the chattel mortgages, and of the rights of the parties under them, can be fully litigated and determined in the common-law action pending. There are no special circumstances stated which render a resort to equity requisite and necessary to protect the parties' rights. It is suggested that the plaintiff *Mackey* may be compelled to stand by and see questions involving his right to the property litigated in the trover action to which he is not a party. But, as we have said, he can become a party to that suit on application and showing to the court that he is interested in the subject matter of the controversy. This is very clear. The authority given the court by sec. 2610, above referred to, is ample for the purpose. It is said a court of equity may be invoked to remove conveyances and transfers which cloud the title of personal property. Concede that to be so, but what occasion is there for invoking such jurisdiction here? The remedy at

law is plain, adequate, and complete. There is no obstruction in the way of the creditors seizing the mortgaged property on execution, as the complaint shows. The property was in fact seized and sold in the ordinary way. The contest now is, Who owned the property at the time it was so seized and sold? A court of law is entirely competent to settle that question, and is the proper forum to decide it, where there can be a trial by jury. It is said the facts stated make a case of fraudulent transfer by an insolvent debtor, within the decision of *Winner v. Hoyt*, 66 Wis. 227. Assume, for the purposes of the case, that this is so, yet why should the plaintiff resort to equity, when the pending action of trover affords a complete and perfect remedy to settle that and all other questions affecting the title to the property in dispute? An adjudication in that case as to the validity of the mortgages will be final and conclusive between the parties.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.