## TURMAN OIL CO. v. LATHROP et al.
## No. 949.

District Court, N. D. Oklahoma.
Nov. 20, 1934.

Conrad E. Cooper and Villard Martin, both of Tulsa, Okl., for plaintiff.

C. A. Coakley, of Tulsa, Okl., for defendants Joe Lathrop and R. R. Crawford.

Bailey E. Bell, of Tulsa, Okl., for defendants Clide H. Gorden and T. B. Smalley.

Logan Stephenson and Q. M. Dickason, both of Tulsa, Okl., for defendant C. J. Hahn.

Murrah & Bohanon, of Oklahoma City, Okl., for defendants H. A. Scott, Bob Moore, E. B. Russell, Murbo Oil & Gas Co., and U. I. Burnard.

E. P. Neal and Davis & Lucas, all of Tulsa, Okl., for defendant George A. Scott.

Jay Farnsworth, of Holdenville, Okl., for defendant Jess Harris.

FRANKLIN E. KENNAMER, District Judge.

The plaintiff, a corporation organized under the laws of the state of Delaware, insti-tuted this action against the various defendants, all citizens and residents of the state of Oklahoma, seven of the defendants being residents of Tulsa county, and the remaining defendants being residents of the other two judicial districts of this state. Each of the defendants have filed written pleadings to the bill of complaint.

The bill of complaint alleges, and the evidence established, that on or about February 17, 1934, the defendants Bob Moore, E. B. Russell, Murbo Oil & Gas Company, U. I. Burnard, H. A. Scott, and R. R. Crawford entered into a contract, in writing, with the plaintiff, by the terms of which a certain oil and gas mining lease, described in the bill, was sold to plaintiff for the sum of $65,000; that the defendants Joe Lathrop, R. R. Crawford, C. J. Hahn, Lee Eddleman, Jess Harris, T. B. Smalley, and Clide H. Gorden claimed to have represented the sellers in the sale of the lease to plaintiff, and each of said defendants gave notice to plaintiff of their alleged claim to a commission; the notice from the defendants T. B. Smalley and Clide H. Gorden was in the form of a letter; defendants C. J. Hahn and Jess Harris sent notice, claiming a commission, by a Western Union day letter, and also by mail the following day; verbal notice was given plaintiff by defendants R. R. Crawford and Joe Lathrop that they claimed a commission. The amount claimed by the various defendants was $5,000. Two of the defendants asserted that the property was listed with them by the owners, giving them all in excess of $60,000, that they were able to obtain for the property, while the other defendants claimed the said sum of $5,000 as the agreed commission for the sale of the property. Plaintiff withheld payment of $5,000 of the purchase price to the sellers, and tendered said sum into the registry of the court. The defendants Bob Moore, Murbo Oil & Gas Company, U. I. Burnard, and H. A. Scott answered denying that any of the other defendants, except R. R. Crawford, were authorized to represent them in the sale of said property; that none of the defendants, except R. R. Crawford, had any interest whatever in the $5,000 retained by the plaintiff, but that the sum was due the defendant R. R. Crawford, who was authorized to represent them in the sale of the oil and gas mining lease. The defendants Clyde H. Gorden and T. B. Smalley filed an answer and cross-bill against the plaintiff, alleging that they were authorized to sell the lease, and that they were to have all in excess of $60,000 for its sale; that the plaintiff purchased the lease for $65,000, and that they

were entitled to the recovery of $5,000 from plaintiff. The other defendants alleged that they were authorized to offer the lease for sale and that they brought about the sale to plaintiff and were, therefore, entitled to the commission in the amount of $5,000.

■■ Upon the trial of the case, it was made to appear that the plaintiff was a mere stakeholder; that it did not have any claim or interest in the $5,000; that it had incurred no independent liability to any of the claimants, but stood in the position of a disinterested stakeholder; that the $5,000 was claimed by all the parties against whom the relief was demanded, and the claims of the various defendants were derived from the common source, to wit, the sale of the oil and gas mining lease, and the commission due for bringing about such sale. It being established that two or more of the defendants were claiming the fund, and that plaintiff had no claim thereto, but would probably suffer injury from the conflicting claims of the parties and be subjected to actions instituted against it by the claimants for the recovery of the fund, plaintiff's action was sustained, and the interpleader allowed. See Morgan v. Kraft, 52 App. D. C. 172, 285 F. 906; Wells-Fargo & Company v. Miner (C. C.) 25 F. 533; Mallory S. S. Co. v. Thalheim (C. C. A.) 277 F. 196; McWhirter v. Halsted (C. C.) 24 F. 828. Plaintiff sought no other relief than to interplead the defendants, and no relief in the instant case would have been proper beyond the interpleading and discharge from the harassment of the conflicting claims. Hayward & Clark v. McDonald (C. C. A.) 192 F. 890; Union Pacific Railway Co. v. Belek (D. C.) 211 F. 699. The hearing on the bill in the first instance was limited to the right to interplead, and plaintiff's right to so interplead being established, the claims between the claimants was then for consideration. Cyc. Fed. Proc., vol. 6, c. 67, § 3398, p. 1018.

After plaintiff was decreed the right to maintain its bill of interpleader, the claims of the various defendants were presented and the trial upon the merits of the respective claims resulted in a decree in favor of the defendants R. A. Lathrop, administrator of the estate of Joe Lathrop, and R. R. Crawford. The evidence conclusively established that the defendants who sold the property to the plaintiff claimed no interest in the fund, but as to the defendants asserting claims to the commission, constituting the fund, the defendants Crawford and Lathrop alone were authorized to represent the sellers in the transaction, and were the brokers with whom plaintiff consummated the transaction.

■ Upon the conclusion of the trial and the entering of the decree herein, the defendants Clyde H. Gorden and T. B. Smalley filed a motion to set aside the decree and dismiss the action for want of jurisdiction. Movants contend that the court was without jurisdiction to entertain the bill, because, it is contended, no controversy exists between the plaintiff and the defendants, but the only controversy existing in the case is between the defendants, and that as there is no diversity of citizenship between the defendants, all being residents of the state of Oklahoma, the court is without jurisdiction. Movants insist that the fact of the nonresidence of plaintiff is insufficient to confer jurisdiction upon the court, for the reason that plaintiff is merely a nominal party, and by reason thereof there is want of diversity of citizenship and no jurisdiction. Movants rely upon those decisions in which removal from state to federal court has been sustained by disregarding the citizenship of a merely nominal party, citing Salem Trust Company, petitioner, v. Manufacturers' Finance Company, 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867; City Bond & Finance, Inc., v. Grant (C. C. A.) 30 F. (2d) 671; Menefee v. Frost (C. C.) 123 F. 633; Reeves v. Corning (C. C.) 51 F. 774, and others touching upon questions of removal of causes. There can be no doubt as to the soundness of the principle that the citizenship of a merely nominal party is immaterial upon the question of removability on the ground of diverse citizenship. Walden v. Skinner, 101 U. S. 577, 25 L. Ed. 963; Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Bacon v. Rives, 106 U. S. 99, 1 S. Ct. 3, 27 L. Ed. 69; Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U. S. 77, 41 S. Ct. 39, 65 L. Ed. 145. However, the above proposition of law is not applicable to the question here presented. The statute under which this action was instituted is Judicial Code, § 24, pars. 1, 26, as amended, 28 USCA § 41 (1, 26), wherein it is provided that all suits of a civil nature at common law and in equity, between citizens of different states, wherein the amount in controversy is $3,000, exclusive of interest and costs, is within the jurisdiction of the federal District Courts. The matter in controversy or dispute means the subject of the litigation or the matter for which the suit is brought. See Lee v. Watson, 1 Wall. 337, 17 L. Ed. 557; Elliott v. Empire Natural Gas Co. (C. C. A.) 4 F. (2d) 493. Whenever any prop-

erty or claim of the parties of diverse citizenship, capable of pecuniary estimation, in the amount of $3,000 exclusive of interest and costs, is the subject of litigation and is presented by the pleadings for a judicial determination, a controversy is involved between citizens of different states in which original jurisdiction is conferred upon the federal District Courts. See Schunk v. Moline, Milburn & Stoddard Co., 147 U. S. 500, 13 S. Ct. 416, 37 L. Ed. 255; Hilton v. Dickinson, 108 U. S. 165, 2 S. Ct. 424, 27 L. Ed. 688; Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524. In the instant case, a suit of a civil nature in equity is presented, between citizens of different states, and wherein the matter in controversy is in excess of $3,000, exclusive of interest and costs.

Interpleader suits have been maintained in the federal courts of equity from very early times. It is unnecessary to cite the earlier cases, but reference may be had to Seth Spring & Sons v. South Carolina Insurance Company, wherein an interpleader bill was maintained and the case decided by the United States Supreme Court, in 1823. 8 Wheat. 268, 5 L. Ed. 615. See, also, Matthews v. Rodgers, 284 U. S. 521, 52 S. Ct. 217, 76 L. Ed. 447; Robinson v. Campbell, 3 Wheat. 212, 4 L. Ed. 372; U. S. v. Howland, 4 Wheat. 108, 4 L. Ed. 526; Irvine v. Marshall, 20 How. 558, 15 L. Ed. 994; Union Bank of Louisiana v. Stafford, 12 How. 327, 13 L. Ed. 1008. Interpleader is an established equitable remedy, which a federal court of equity may administer when it has all necessary parties before it. Seth Spring & Sons v. South Carolina Insurance Co., supra; Union Bank of Louisiana v. Stafford, supra.

An interpleading suit was a remedy well established under the English system of jurisprudence. Hoggart v. Cutts, Craig & P. 198, 204; Wakeman v. Kingsland, 46 N. J. Eq. (1 Dick.) 113, 18 A. 681; Atoka Coal & Mining Co. v. Hodges (C. C. A.) 59 F. 836, 841.

Such an action involves two successive litigations; one between the plaintiff and the defendants as to whether the defendants shall interplead; the other between the different defendants on the conflicting claims. Roselle v. Farmers' Bank, 119 Mo. 84, 24 S. W. 744; Gibson v. Goldthwaite, 7 Ala. 281, 42 Am. Dec. 592; McDonald v. Allen, 37 Wis. 108, 19 Am. Rep. 754; Atkinson v. Manks, 1 Cow. (N. Y.) 691.

In the instant case, the amount in controversy is $5,000; the suit is of a civil nature in equity, and plaintiff is a nonresident of the state of Oklahoma, and all of the defendants are residents of the state of Oklahoma, and are amenable to the jurisdiction of this court. No controversy is presented by one defendant against another defendant; the defendants and each of them are asserting their claims against the plaintiff; they are not making a claim that any of the other defendants owe them the commission they claim. Each of the defendants claiming to have acted as broker in the transaction are asserting a claim against the plaintiff for the $5,000 brokerage commission. The assertion of the claim, prior to the institution of the action, was evidenced by written and oral notices given by the claimants to the plaintiff. A controversy exists between plaintiff and the various defendants, who are claiming the sum of $5,000 due from plaintiff. As plaintiff has no claim to the fund, and has not incurred an independent liability to any of the claimants, but stands in the position of a disinterested stakeholder, it is entitled to the relief it seeks, and the determining as to which claimant is entitled to the fund is necessary for a final disposal of the case. A federal court of equity will complete the action, between residents of the same state, if jurisdiction has properly been conferred in the principal action.

Congress, by an act passed in 1917, and since amended, made provision for interpleader suits in federal courts by insurers, and provision was made for bringing the suit in a district, and obtaining jurisdiction of all claimants, by process running to any district. It applies where the insurance claim is $500 or more. Judicial Code, § 24, par. 26, as amended by Act May 8, 1926 (28 USCA § 41 (26). It is unnecessary for a decision of the questions here presented, to consider the Congressional Act referred to. The District Court for the Southern District of California construed the interpleader statute as not giving federal District Courts jurisdiction of a citizen of the District of Columbia. Mutual Life Insurance Company v. Lott (D. C.) 275 F. 365. That court, however, states that it is unnecessary to speculate as to what would be the effect of the statute if the defendant, a resident of the District of Columbia, had been a citizen of the same state as another defendant. In the instant case, the interpleader statute is not involved, and the decision here announced, relative to an interpleader suit in equity, under Congressional Acts conferring original jurisdiction upon federal District Courts, is not in conflict with the reported case.

While the question of jurisdiction does not seem to have had the attention of the courts, still it had been repeatedly announced that federal courts have always had jurisdiction to entertain bills of interpleader where the essentials of jurisdiction were present. See Klaber v. Maryland Casualty Company (C. C. A.) 69 F.(2d) 934; Von Herberg v. Seattle (C. C. A.) 27 F.(2d) 457; Connecticutt General Life Insurance Co. v. Yaw (D. C.) 53 F.(2d) 684.

I, therefore, conclude that the instant action is one within the purview of the Judicial Code, conferring original jurisdiction upon federal District Courts; that the essentials of jurisdiction are present, and the motion to dismiss for want of jurisdiction should be overruled.

It is so ordered.