## RECONSTRUCTION FINANCE CORPORATION v. AQUADRO et al.

Civ. No. 4453.

District Court, W. D. Pennsylvania.

July 31, 1947.

Louis F. Adelman, of Pittsburgh, Pa., for plaintiff.

Samuel Avins, of Pittsburgh, Pa., for Matilda Aquadro.

James S. Crawford, III (of Thorp, Bostwick, Reed & Armstrong), of Pittsburgh, Pa., for Martha Jane Burke.

C. Roscoe Hoffman and Richard W. Ahlers, both of Pittsburgh, Pa., for John F. Edmonds.

GOURLEY, District Judge.

This proceeding comes before the Court on a motion for summary judgment and arises out of an interpleader action.

Jurisdiction of an action of interpleader is based upon the Act of Jan. 20, 1936, Chapter 13, § 1, 28 U.S.C.A. § 41 Subdivision (26). The complainant is a corporation created and organized under the "Reconstruction Finance Corporation Act" of Jan. 22, 1932, and the amendments thereof, U.S.C.A. Title 15, Section 603 et seq. All of its capital stock is owned by the United States Government. The defendants, Matilda Aquadro, Administratrix of the Estate of Harry W. Nethken, deceased, and John F. Edmonds, are citizens of the Commonwealth of Pennsylvania, and reside in the County of Allegheny. The defendant, Martha Jane Burke, is a citizen and resident of the State of California.

On or about June 30, 1925, Aetna Life Insurance Company, of Hartford, Connecticut, issued and delivered to Harry W. Nethken its life insurance Policy No. P-561737, dated June 30, 1925, insuring his life in the face amount of $10,000.

The beneficiary named in said policy of life insurance was Martha Jane Nethken, now Martha Jane Burke, daughter of the insured, who resides in Los Angeles, California, as primary beneficiary, and Charles E. Nethken, brother of the insured, who resides in Charleston, West Virginia, as contingent beneficiary.

On September 11, 1940, the said Harry W. Nethken caused the beneficiary to be changed to the estate of the insured and assigned the policy under absolute assignment to Reconstruction Finance Corporation, the complainant.

On March 11, 1943, the said Harry W. Nethken again assigned the policy under absolute assignment to Recontruction Finance Corporation, the complainant, the purposes for which the first assignment was made having been discharged.

On December 10, 1943, the said Harry W. Nethken died. At the time of his death he was a resident of Fayette County, Pennsylvania. Harry W. Nethken died intestate survived by his wife, Matilda Aquadro, formerly Matilda Marie Nethken, and a daughter, Martha Jane Burke, wife of Joseph T Burke, who, as above set forth, was originally named as the primary beneficiary of said policy. Letters of administration of the Estate of Harry W. Nethken, deceased, were issued on June 5, 1945 by the Register of Wills of Fayette County to Matilda Aquadro.

On March 9, 1944, by virtue of the last mentioned absolute assignment, the proceeds of said policy, amounting to $6,401.89, were paid by the insurance company to the complainant.

The second assignment of said policy was made by said Harry W. Nethken to secure the performance by him and his assigns of the terms and conditions of certain contracts between him and the complainant. On March 18, 1943, said Harry W. Nethken assigned said contracts to John F. Edmonds, one of the defendants, who undertook to perform the same.

The said John F. Edmonds has notified the complainant that he claims to be entitled to the whole of the proceeds of said insurance in the complainant's hands, and that he claims the same by virtue of a contract or agreement between him and said Harry W. Nethken under the terms whereof he, the said John F. Edmonds, paid a premium or premiums of said policy. The Aetna Life Insurance Company has no record of the interest of said John F. Edmonds in said policy. The said Matilda Aquadro, Administratrix of the Estate of Harry W. Nethken, deceased, has notified the complainant that said estate claims to be entitled to the whole of said proceeds.

The obligations to secure which said insurance was assigned have since been discharged and the complainant, therefore, disclaims any further interest whatsoever in the proceeds of said insurance paid to it as hereinbefore set forth, except to pay the same to the person or persons lawfully entitled thereto. The complainant has paid the said sum, to wit, $6,401.89, into the Registry of this Court to abide the judgment of the Court.

On June 22, 1945, the Reconstruction Finance Corporation presented its complaint to the Court in the nature of an interpleader action, in which it was prayed that the Court adjudge:

"(1) That each of the defendants be summoned to answer the complaint for interpleader and to join issue as between themselves in order that this Court may hold and decide who is entitled to the said money.

"(2) That the said defendants, Matilda Aquadro, administratrix of the estate of Harry W. Nethken, deceased, Martha Jane Burke and John F. Edmonds be required to interplead and settle between themselves their rights to the said money, and that the complainant be discharged from all liability in the premises.

"(3) That a reasonable counsel fee be allowed to the complainant and taxed as costs herein, and that the costs be paid out of the fund which has been paid into the Registry of this Court by the complainant.

"(4) That the complainant have all such other relief not herein specifically prayed for as may seem meet to this Court."

On June 22, 1945, after consideration being given to the complaint for interpleader, another member of this Court ordered that the Reconstruction Finance Corporation be given leave to pay into the Registry of this Court the sum of $6,401.89 admitted to be due to one of the parties named as defendants in said interpleader action.

The record in this case is in a somewhat utter state of confusion since it does not appear that any motion was ever made to the Court by the Reconstruction Finance Corporation, or any of the defendants named in the complaint, to complete the interpleader action in accordance with the procedure to be followed in actions of this nature.

Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following 723c, and the Act of March 3, 1911, c. 231, § 24(26), as amended Jan. 20, 1936, c. 13, § 1, 49 Stat. 1096, 28 U.S.C.A. § 41(26) sets forth the procedure to be followed in an interpleader action. It is set forth, inter alia, that the Court shall hear and determine the cause and shall discharge the complainant from further liability; and shall make the injunction permanent and make all such other orders and decrees as may be necessary or convenient to carry out and enforce the same.

It appears that the Court considered the matter on June 22, 1945, but the only order made in connection therewith was to grant leave to the Reconstruction Finance Corporation to pay into the Registry of this Court the sum of $6,401.89. No order was made enjoining any of the defendants named in the interpleader action from prosecuting any action, suit or proceeding, in law or in equity, in any Court whatsoever against the complainant which would be based upon any claim to the proceeds of the fund realized from the insurance policy issued by the Aetna Life Insurance Company. The interpleader action was not awarded by any order of this Court, and no issue was directed to be framed between any of the parties named in the complaint filed. No order was made releasing or discharging the Reconstruction Finance Corporation from any liability on account of the funds paid to it by the Aetna Life Insurance Company. Although claim was made for reasonable counsel fees and costs in connection with the proceeding filed by the Reconstruction Finance Corporation, no order was presented to the Court for any allowance. However, since this matter was argued before the Court on or about June 16, 1947, counsel who represented the various parties mentioned in the interpleader proceeding agreed, subject to the approval of the Court, for the allowance of a counsel fee in the amount of $150. It is, therefore, necessary for counsel who represent the Reconstruction Finance Corporation to present to the Court forthwith an appropriate order in which—

1. The defendants and each of them be and they hereby are permanently enjoined from instituting or prosecuting any action, suit or proceeding, in law or in equity, in any Court whatsoever against the Reconstruction Finance Corporation by reason of or based upon any claim to the moneys paid by the Aetna Life Insurance Company, of Hartford, Connecticut, on Policy No. P–561737 issued on the life of Harry W. Nethken.

2. That an interpleader is awarded and an issue is directed to be framed between Matilda Aquadro, Administratrix of the

Estate of Harry W. Nethken, deceased, Martha Jane Burke and John F. Edmonds, in order that the Court may determine the person or persons legally entitled to the payment of the funds paid into the Registry of this Court.

3. That the Reconstruction Finance Corporation be and is hereby released and discharged from all liability on account of the fund of $6,401.89 paid to it by the Aetna Life Insurance Company, on the basis of an assignment made by the deceased, Harry W. Nethken, to the Reconstruction Finance Corporation.

Until this procedure is followed, there has not been compliance with the law, and such a confusion exists in the absence thereof that the matter cannot properly be presented to the Court.

After the award of the interpleader, and the issue is directed to be framed between the respective parties, the defendants in the interpleader action should, by proper and orderly pleadings, exhibit their respective claims and litigate them.

An interpleader action involves two successive litigations; one between the claimant and the defendants as to whether the defendants shall interplead, and the other between defendants on conflicting claims. Turman Oil Co. v. Lathrop et al., D.C., 8 F.Supp. 870.

In other words, an "interpleader" is an action conducted in two stages; first the Court must take evidence and determine whether the plaintiff is entitled to interplead the defendants, and the second stage is between the different defendants on their adverse claims. Girard Trust Co. et al. v. Vance et al., D.C., 5 F.R.D. 109.

Since there is nothing of record to indicate that the Court awarded the interpleader, and directed that an issue be framed between the respective party defendants, the record is in such an irregular condition that this matter cannot be finally considered by the Court at this time on the motion for summary judgment.

After the interpleader is awarded and it is directed that an issue be framed between the respective party defendants, each defendant will occupy the position of a plaintiff and must state his own claim and

answer that of the other, and the basis of the complaints against one another generally is set up in their answers to the bill, each of which must then be answered by the other party so as to join issue between them. It does not matter which one of the defendants would be designated as the plaintiff in the interpleader since each must establish his own claim. Equitable Life Assur. Soc. of U. S. v. Kit et al., D.C., 22 F.Supp. 1022; 33 C.J. 459; see also 48 C.J.S., Interpleader, § 35; Cyclopedia of Federal Procedure, 2nd Edition, Vol. 6, Para. 2222.

In addition to the foregoing irregularity, it appears that an answer was filed by Matilda Aquadro, Administratrix of the Estate of Harry W. Nethken, deceased, on July 19, 1945, to the allegations set forth in the complaint for interpleader. A motion for summary judgment was filed in behalf of Matilda Aquadro, Administratrix of the Estate of Harry W. Nethken, deceased, on September 8, 1945.

On September 24, 1945, another member of this Court granted leave to John F. Edmonds, one of the defendants named in the interpleader action, to file his answer to the complaint for interpleader.

At the time of trial it was stipulated and agreed by counsel involved in this proceeding that John F. Edmonds, one of the defendants, had served on counsel representing the other party litigants an answer to the complaint for interpleader on August 18, 1945. Either due to neglect, inadvertence or inattention, counsel then representing John F. Edmonds failed and neglected to file said answer in the office of the Clerk of Courts.

As a result the motion for summary judgment filed by the Administratrix of the Estate of Harry W. Nethken on September 16, 1945 was presented before an answer was filed by the defendant, John F. Edmonds, in the office of the Clerk of Courts, in accordance with the provisions of the Federal Rules of Civil Procedure.

Rule 56 of the Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c provides as follows:

"Rule 56. Summary Judgment.

"(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or

cross-claim or to obtain a declaratory judgment may, at any time after the pleading in answer thereto has been served, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

"(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

It is self-evident, therefore, on the basis of the record as it now exists, that the motion for summary judgment was prematurely filed and it is, therefore, improper at this time for the Court to finally pass upon the same.

Since considerable time and effort has been consumed by counsel and by the Court in the evaluation of the merits of this proceeding, I believe it would be advisable to comment in connection therewith. In so doing, I have full realization that the comment which is made will not dispose, at this time, of the motion for summary judgment for the reason that said motion is improperly before the Court. It might be, however, that time and effort will be saved by all parties concerned, if reference is made by the Court at this time to the merits of a motion for summary judgment under the pleadings as they will exist when the record is properly made or corrected.

The purpose of a motion for summary judgment is to eliminate undisputed issues of fact from the case, leaving nothing but an issue of law for the Court to determine. In connection with such a motion,

the burden of proof is on the moving party to establish that there is no genuine issue of fact, and all reasonable doubts are resolved against him. Parmalee v. Chicago Eve Shield Co., 8 Cir., 157 F.2d 582; Snyder v. Dravo Corporation, D.C., 6 F. R.D. 546.

If we assume that the record is properly corrected, that is, the interpleader is awarded and it is directed that an issue be framed between the respective defendants, and the motion for summary judgment is filed subsequent to the filing of the answer by John F. Edmonds, Martha Jane Burke and Matilda Aquadro, Administratrix of the Estate of Harry W. Nethken, deceased, it is apparent that a genuine and real issue of fact exists as to whether or not the proceeds of the policy paid to the Reconstruction Finance Corporation had been absolutely, or with limitation of purpose, assigned by Harry W. Nethken, deceased, to John F. Edmonds.

As a result thereof, I can visualize that many different possibilities can arise when proof is offered as to whether or not the assignment was absolute. It would, therefore, be necessary for testimony to be offered in connection therewith, and in view of the allegation set forth in the answer of John F. Edmonds and Matilda Aquadro, Administratrix of the Estate of Harry W. Nethken, it would not be proper for the Court to enter summary judgment in favor of either of the parties.

The motion for summary judgment is, therefore, refused, without prejudice, however to the administratrix of the Estate of Harry W. Nethken, deceased, if it is so desired, to refile said motion after the record has been placed in the proper state. In order that this proceeding can be disposed of with dispatch and to avoid any additional unnecessary delay, I will make the following order:

1. That counsel for the Reconstruction Finance Corporation immediately present to the Court an appropriate order in accordance with the expression of thought previously set forth.

2. That an appropriate answer be filed by the respective party defendants in the interpleader action within 20 days after

the filing of the order awarding the interpleader, and directing that an issue be framed between the defendants set forth in the interpleader complaint.

If any defendants so desire, a motion for summary judgment can then be filed.

Unless the procedure which I have herein outlined is followed, the record in this proceeding will be allowed to exist in such confusion that it will be impossible for the matter to reach final disposition before the Court.

### Order

And Now, this 31st day of July, 1947, the motion for summary judgment is refused, without prejudice, however, to any of the defendants in the interpleader action to file a similar motion after the record has been placed in a proper state.

It is the further order of this Court that counsel for the Reconstruction Finance Corporation immediately present to the Court an appropriate order in accordance with the expression of thought set forth in the foregoing opinion, and that an appropriate answer be filed by the respective party defendants in the interpleader action within 20 days after the filing of the order awarding the interpleader, and directing that an issue be framed between the defendants set forth in the interpleader complaint.