**WESTINGHOUSE ELECTRIC CORP. v. UNITED ELECTRICAL RADIO & MACHINE WORKERS OF AMERICA et al.**

Civ. A. 8850.

District Court of the United States W. D. Pennsylvania.

July 11, 1951.

See also, D.C., 92 F.Supp. 841.

John C. Bane, Jr., and Donald B. Heard, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

Maurice Louik, of Harrison & Louik, Pittsburgh, Pa., David Scribner, and Arthur Kinoy, New York City, for defendants United Electrical Radio & Machine Workers of America et al.

Alfred Wilner, and Morris Zimmerman, of Wilner and Wilner, Pittsburgh, Pa., Benjamin C. Sigal, Gen. Counsel IUE-CIO, and Bertram Diamond, Washington, D.C., for defendant International Union of Electrical Radio & Machine Workers (CIO) et al.

MARSH, District Judge.

Westinghouse Electric Corporation, claiming to be a stakeholder of union dues in the amount of $270,403.25 which were collected from its employees at a number of widely separated plants located in seven states, brought an action of interpleader against United Electrical Radio and Machine Workers of America (herein called UE); International Union of Electrical Radio and Machine Workers (CIO) (herein called IUE-CIO); twenty-nine local unions affiliated with one or the other national union; and certain individual employees. All the unions are unincorporated associations and certain officers of each were made defendants as representatives of the members as a class. The aforesaid sum of money was paid into court and an order issued to restrain the prosecution or institution of any other action to determine title to the money.

After denying a motion to dismiss presented by IUE-CIO, 92 F.Supp. 841, this court ordered the unions to answer the complaint in interpleader and proposed to take testimony at a hearing "in order to determine the plaintiff's right to interplead." Accordingly, answers were filed by the claimant unions. UE in its answer claims, Westinghouse owes to it and its locals $333,607.75. IUE-CIO on behalf of its Locals avers in its answer: "(T)hat the total amount of money in controversy is about $441,527.25," that during the period involved plaintiff paid to specified UE

Locals (not defendants in this proceeding) the sum of $108,850.00, and "there is owing to the IUE-CIO Locals * * * the total sum of $332,677.25." Also, IUE-CIO reiterates its previous contention that this court does not have jurisdiction and that the venue is improperly laid. A conference to resolve the factual and legal status of the additional amounts claimed by the unions bore no fruit.

■■ Plaintiff now moves to dismiss its action of interpleader without prejudice. This being a class action, court approval is required.[1] UE vigorously opposes dismissal. We are of the opinion that the motion should be granted under Federal Rules of Civil Procedure, rule 41(a) (2), 28 U.S.C.A.[2]

Plaintiff presents as its reasons for dismissal that further prosecution of the case in this court would involve heavy expense and inconvenience. Ordinarily, plaintiff's reasons for desiring dismissal of an action are immaterial: Ex parte Skinner & Eddy Corp., 1924, 265 U.S. 86, 93, 44 S.Ct. 446, 68 L.Ed. 912. There is, however, a marked distinction between this plaintiff in interpleader and the ordinary plaintiff litigant. In its complaint Westinghouse appears as a mere stakeholder and desires to be discharged from the impending litigation concerning the $270,403.25 paid into court. In their answers claimants seek to make Westinghouse an active litigant by asserting that additional money is in dispute. If the contention of the claimants prevails it will have the effect of converting the action from one of strict interpleader into one in the nature of interpleader. The latter will

prevent the discharge of Westinghouse until the conclusion of the litigation, which gives promise of being protracted and expensive. The answers of the unions have changed the complexion of the interpleader action insofar as the plaintiff is concerned. As a result plaintiff will probably be required to prove the correctness of its accounting tabulations by books and witnesses from the various plants involved. If the hearing and trial are held in one court the prospect of considerable additional expense is obvious.

Plaintiff also views with justifiable apprehension the ultimate jurisdiction of this court after these heavy expenses have been incurred. Upon hearing, if it is found that the fund does not constitute the full amount in controversy, dismissal may follow because an essential jurisdictional requirement would be lacking. Edner v. Massachusetts Mut. Life Ins. Co. et al., 3 Cir., 1943, 138 F.2d 327. On the other hand, if plaintiff were granted permission to pay into court the additional amount in dispute, as stated, the corporation would remain in the case as an active claimant to part of the fund, thereby imperiling jurisdiction because of lack of diversity of citizenship between this Pennsylvania corporation and the other Pennsylvania claimants of the fund. See Boice v. Boice et al., 3 Cir., 1943, 135 F.2d 919.

As a litigant instead of a stakeholder plaintiff has sound economical reasons for now desiring to resort to the courts in proximity to the plants where the funds were collected, disbursement made, and the accounts kept. We are of the opinion in an

---

1. See F.R.C.P., rule 23(c), 28 U.S.C.A. This is not the type of class action set forth in 23(a) (1) and therefore no notice is required to be given to the members of the class.

2. "Rule 41. Dismissal of Actions
"(a) Voluntary Dismissal: Effect Thereof
(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(c), * * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer * * * or (ii) by filing a stipulation * * *.

"(2) By Order of Court. Except as provided in paragraph (1) * * * an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

interpleader action these reasons should be taken into consideration.

■ Primarily under Rule 41(a) (2) the court in its discretion must determine if legal prejudice or disadvantage would result to the defendants in interpleader from granting the dismissal. The prospect of further litigation over this money in other courts and the incidental annoyance thereof is not legal prejudice. Ex parte Skinner & Eddy Corp., supra; Jones v. Securities & Exchange Commission, 1936, 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015; Pullman's Palace Car Co. v. Central Transportation Co., 1898, 171 U.S. 138, 146, 18 S.Ct. 808, 43 L.Ed. 108; New York, C. & St. L. R. Co. v. Vardaman, 8 Cir., 1950, 181 F.2d 769; Home Owners' Loan Corporation v. Huffman, 8 Cir., 1943, 134 F.2d 314, 317.

■ The UE contends that it has filed a counterclaim for affirmative relief and Rule 41(a) (2) by its terms precludes a dismissal of the action. This contention is without merit. Interpleader actions involve two successive litigations. The first phase is between the plaintiff and the claimants as to whether the claimants shall interplead. After a hearing on the bill and answers the court may grant or deny the interpleader. The second phase follows a decree of interpleader and is between the adverse claimants to the fund on the merits after they have interpleaded their respective claims to the money secured by bond or paid into court. Girard Trust Co. et al. v. Vance et al., D.C.E.D.Pa., 5 F.R.D. 109; Moore's Federal Practice, 2d Ed., Vol. 3, page 3047, quoting from Turman Oil Co. v. Lathrop, D.C.N.D.Okl.1934, 8 F.Supp. 870, 873. See also Reconstruction Finance Corporation v. Aquadro et al., D.C.W.D.Pa.1947, 7 F.R.D. 406, 409. It is customary for claimants to set up their claims to the fund in their answers to the bill of complaint and this was specifically directed by the prior court order in this case. In the event a decree of interpleader is entered, each claimant must then traverse the claims of the other claimants and thus issue is joined between them for trial. Moore's Federal Practice, 2d Ed., Vol. 3, page 3049, quoting from Equitable Life Assur. Soc. of United States v. Kit et al., D.C.E.D.Pa.1938, 22 F.Supp. 1022, 1023; Phoenix Mut. Life Ins. Co. of Hartford, Conn. v. Reich et al., D.C.W.D.Pa.1948, 75 F.Supp. 886; 48 C.J.S., Interpleader, § 35; Cyclopedia of Federal Procedure, 2d Ed., Vol. 6, Sec. 2222.

In the instant case the matter is in its first or preliminary phase. The decree of interpleader has not been and may never be entered. Assuming that it is established at the preliminary hearing that additional funds are in dispute, as the answers assert, none of the claimants at that point can obtain a money judgment against the plaintiff. Indeed, Westinghouse may refuse to secure or pay the disputed additional funds into court, whereupon the action would be dismissed because an essential jurisdictional requisite is lacking. Edner v. Massachusetts Mut. Life Ins. Co. et al., supra. Only in the second phase when the decree of interpleader has been entered and all of the money involved is secured or paid into court, and the various claimants have answered other adverse claims to the fund on the merits, may money judgments be obtained by proof of allegations in the nature of a counterclaim.

■ In respect to other alleged prejudice, UE and its Locals have not convinced us that they will suffer if the action is dismissed. No trial expenses have been incurred. Time and effort expended in the preparation of the case without doubt will serve in good stead in the future. They do not have any vested right, statutory or otherwise, to have the issues tried in this court and no compelling advantage has been suggested if they obtained that right. IUE-CIO and its Locals, the other claimant unions involved, not only consent but urge that the motion to dismiss be granted.

■ UE also contends that the motion should be denied under Section 1404(a), 28 U.S.C.A., and the principles of law governing *forum non conveniens*. No application to transfer the case to another forum is made by the motion to discontinue; therefore, this contention is inapposite. Section 1404(a) does not abridge in the slightest degree plaintiff's right to an order of

dismissal under Rule 41(a). Compare New York, C. & St. L. R. Co. v. Vardaman, supra.

A decree will be entered dismissing this interpleader and dissolving the restraining order at the costs of the plaintiff.