## MENEFEE et al. v. FROST et al.

(Circuit Court, S. D. New York. May 23, 1903.)

**1. JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—REARRANGEMENT OF PARTIES.**

A federal court is without jurisdiction on the ground of diversity of citizenship of a suit for an accounting under a written contract, where the defendants are all citizens of the same state, and one of them is a party to the contract on the same side as complainants, made a defendant only because he refused to join as a complainant.

On Motion to Dismiss for Want of Jurisdiction.

Kneeland, La Fetra & Glaze, for the motion.

J. M. Coleman, opposed.

LACOMBE, Circuit Judge. No federal question is involved, and jurisdiction can be entertained only by reason of diversity of citizenship. The complainants are citizens of Texas and Illinois. The three defendants are citizens of New York. It appears, however, that one of the defendants, Wilkinson, should be a party plaintiff, and is named as a defendant solely for the reason that he refuses to join in the bill. The suit is for an accounting upon a written contract in which the three plaintiffs and Wilkinson appear as parties of the first part, and the other two defendants as parties of the second part. The motion must be disposed of, therefore, as if the parties were rearranged as complainants and defendants in conformity to their respective interests in the controversy. When this is done, there will be found a citizen of New York on both sides of the controversy, and, on well-settled principles, this court has no jurisdiction.

Motion granted.

¶ 1. Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

See Courts, vol. 13, Cent. Dig. §§ 855, 862.