LEE, INDIVIDUALLY AND AS TRUSTEE OF LEWIS C. PAINE *v.* LEHIGH VALLEY COAL COMPANY & KATE P. DIXON.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 222. Argued January 22, 1925.—Decided April 13, 1925..

In a suit by one of two lessors against the lessee to construe and establish the lease and obtain accounting for both lessors, charging fraud by lessee, the other lessor is a necessary, if not an indispensable, party, and, for the purpose of determining original jurisdiction of the District Court through diversity of citizenship, must be aligned with the plaintiff. P. 543.

Affirmed.

APPEAL from a decree of the District Court dismissing a bill for want of jurisdiction.

*Mr. H. M. Hitchings* and *Mr. Frank Wolcott,* for appellant, submitted.

*Mr. Charles W. Pierson,* with whom *Mr. Allan McCulloh* and *Mr. Campbell Locke,* were on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a bill brought against the Lehigh Valley Coal Company, lessee of a coal mine, by John Alden Lee, who owns one-half of the mine in his own right and as trustee for his brother. Kate P. Dixon owns the other half. The bill seeks a construction of the lease and of an agreement made on behalf of the plaintiff's interest on January 21, 1913; a declaration that certain parts of the agreement are a fraud upon the plaintiff and Kate P. Dixon; an account to the plaintiff and Kate P. Dixon from the Coal Company, and that the lease may be declared to be, and to have been since January 21, 1913, in

full force and effect. The Coal Company is a corporation of Pennsylvania, the plaintiff Lee a citizen and resident of New York, and Kate P. Dixon is a citizen and resident of Pennsylvania. She is made a defendant, the bill alleges, because of her refusal to be made a plaintiff ' and because to make her such party plaintiff would oust the Court of jurisdiction.' The bill was dismissed for want of jurisdiction by the District Court, we presume on the ground that, so far as appeared, the arrangement of the parties was merely a contrivance for the purpose of founding a jurisdiction that otherwise would not exist. *Dawson* v. *Columbia Trust Co.,* 197 U. S. 178, 181.

The plaintiff and appellant now argues that Kate P. Dixon is not a necessary party. When a defendant seeks to remove a suit from a State Court to the District Court, of course he is entitled to contend that a party joined by the plaintiff is not a necessary party and therefore does not make the removal impossible by defeating the jurisdiction. *Salem Trust Co.* v. *Manufacturers' Finance Co.,* 264 U. S. 182. It is a different question whether the plaintiff can repudiate the effect of his own joinder, can retain a party to the relief sought and yet keep him on the wrong side in order to avoid the effect of his own act. Without inquiring whether the plaintiff could have maintained the suit alone had he so elected and had he found it impossible to join Kate P. Dixon, obviously she was a ' necessary ' even if not an indispensable party. (*Shields* v. *Barrow,* 17 How. 130, 139.) It would be hard upon the Coal Company to compel it to submit to an adjudication upon the lease, upon a fraud alleged to have been committed against both owners, and to an account, in the absence of one of the lessors. The joinder of both is much more than a mere form. As both are named they must be arranged upon the side on which they belong. *Menefee* v. *Frost,* 123 Fed. 633. *Blacklock* v. *Small,* 127 U. S. 96.

*Decree affirmed.*