## OSTHAUS v. BUTTON et al.

### No. 5294.

Circuit Court of Appeals, Third Circuit.
March 27, 1934.

Vosburg & Vosburg and A. A. Vosburg, all of Scranton, Pa., for appellant.

Walter Harris, of Scranton, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal by C. E. Osthaus, defendant below, from an order of the District Court for the Middle District of Pennsylvania quashing an original and alias writ of scire facias. The plaintiffs, residents and citizens of the state of New York, brought an action in trespass to recover damages for injuries resulting from an automobile collision which they alleged was due to the negligence of Osthaus, appellant herein, a citizen of Pennsylvania residing in the Middle District of Pennsylvania. By authority of the Pennsylvania Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663 (12 PS § 141), the appellant caused a writ of scire facias and subsequently an alias writ to issue against J. B. Lang Engine & Garage Company, Inc., appellee herein, as additional defendant. The alias writ reads:

"Whereas, in a case pending in our above Court, and captioned as above indicated, wherein Ernest D. Button and Bessie G. Button, residents of the City of Ithaca, and County of Tomkins, New York, are plaintiffs, and C. E. Osthaus, a resident of Overton Township, Bradford County, Pennsylvania, is the defendant, and in which the claim of the said plaintiffs against the said defendant is in excess of $3,000, the said plaintiffs have brought suit to recover a judgment against the said defendant for the cause of action set forth in the statement of claim therein, as by reference to said statement, attached to the copy of this writ, will more fully and at large appear, and whereas the defendant C. E. Osthaus in said suit alleges that the J. B. Lang Engine & Garage Company, Inc., a corporation having its principal place of business at Ithaca, New York, is either jointly liable with the defendant C. E. Osthaus for the cause of action declared on, or is solely liable to the plaintiffs for the whole amount of any judgment that may be recovered by the plaintiffs for the reason that the injuries and damages sustained by the plaintiffs resulted solely and proximately by reason of the reckless, negligent and unlawful operation of a Willys-Knight sedan automobile owned by the defendant, J. B. Lang Engine & Garage Company, Inc., and operated by its president, its agent, servant or employee, E. D. Button, upon the business of the defendant, J. B. Lang Engine & Garage Company, Inc., of Ithaca, New York, in that the said Ernest D. Button operated the same in a reckless, careless, negligent and unlawful manner."

The appellee had no agent, place of business, nor residence within the Middle District of Pennsylvania where the suit was instituted. The appellant, therefore, caused the writ and alias writ to be served by the marshal of the Middle District of Pennsylvania upon the secretary of revenue of the commonwealth of Pennsylvania in accordance with the Pennsylvania Act of April 24, 1931, P. L. 50 (75 P S §§ 1201 and note, 1202, 1205, 1206). The appellee appeared specially in the court below for the purpose of challenging the jurisdiction of the court and moved to quash the writ and alias writ.

The motion raised two questions: First, whether a federal court has jurisdiction of a civil suit where there may be no diversity of citizenship between the plaintiff and all of the defendants; and, second, whether the Act of April 24, 1931, P. L. 50, applies to process issued out of the federal court. The District Court quashed the writ and alias writ on the ground that no diversity of citizenship was alleged as between the plaintiffs and the additional defendant.

Where the jurisdiction of the federal court is invoked on the basis of diversity of citizenship, the pleadings should affirmatively disclose that such diversity exists. In the instant case, neither writ contained an allegation as to the citizenship of the appellee other than that it had "its principal place of business at Ithaca, New York." This is not a sufficient allegation of citizenship. Nash v. Pennsylvania R. Co. (C. C. A.) 60 F. (2d) 26. New York & N. E. R. Co. v. Hyde (C. C. A.) 56 F. 188.

If, by authority of 28 USCA § 399, we were to permit the appellant to amend so as to allege that the appellee is incorporated under the laws of the state of New York and is a citizen of that state, he would not be aided thereby. Federal courts do not have

394

jurisdiction on the ground of diversity of citizenship unless that diversity exists between all the plaintiffs, on the one hand, and all the defendants, on the other, at the time suit is instituted. Lee v. Lehigh Valley Coal Co., 267 U. S. 542, 45 S. Ct. 385, 69 L. Ed. 782; Levering & Garrigues Co. v. Morrin (C. C. A.) 61 F.(2d) 115; Devost v. Twin State Gas & Electric Co. (C. C. A.) 250 F. 349. Such amended pleadings would merely show that the plaintiffs and the appellee were all citizens of the same state, namely New York, and that consequently there was no diversity of citizenship and no basis for jurisdiction of a federal court.

█ The Scire Facias Act of 1931, P. L. 663 (12 PS § 141) provides that, where the additional defendant is brought in by writ on the theory that he is jointly and severally liable with the original defendant, the case proceeds as though the plaintiff had himself instituted the action against the additional defendant jointly and severally with the original defendant. Since the plaintiffs in the instant case cannot directly initiate suit against the additional defendant in a federal court because there is no diversity of citizenship shown, they cannot indirectly pursue such an action.

Under any view of the pleadings which we may take, it is apparent that the District Court committed no error in quashing the writs of scire facias. In view of this conclusion it is unnecessary for us to determine in this case whether the Pennsylvania Act of April 24, 1931, P. L. 50, applies to process issued out of the federal court.

Order affirmed.