**OLSEN v. JACKLOWITZ et al.**
No. 166.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

James J. Mahoney, of New York City (James J. Mahoney, George J. Stacy, and Frederick L. Thielmann, all of New York City, of counsel), for appellant Shell Eastern Petroleum Products, Inc.

Richard M. Cantor, of New York City, for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff, a citizen of New York, brought this suit against Pearl Jacklowitz, also a New York citizen, residing in the Eastern district, and Shell Eastern Petroleum Products, Inc., a Delaware corporation doing business in the same district of New York, to recover for personal injuries received because of the alleged negligence of the defendants when he was struck by an automobile owned by defendant Jacklowitz and operated by her husband on a public highway in Brooklyn, N. Y. It was alleged that the defendant Shell Eastern Petroleum Products, Inc., had negligently parked a truck so as to obstruct traffic in the highway, and that the automobile

of the defendant Jacklowitz negligently passed the parked truck and hit the plaintiff.

At the close of a jury trial a verdict was returned for the plaintiff against Jacklowitz; Shell Eastern Petroleum Products, Inc., being found not liable. On December 7, 1933, the plaintiff had judgment on the verdict against Jacklowitz, and Shell Eastern Petroleum Products, Inc., had judgment to recover its costs. On December 27, 1933, an order to show cause why the judgment against Jacklowitz should not be set aside on the ground of lack of jurisdiction was issued. Eastern Shell Petroleum, Inc., thereupon moved for a severance. After hearing the parties, the motion for severance was denied, judgment against Jacklowitz and in favor of Shell Eastern Petroleum Products, Inc., set aside, and the complaint was dismissed for lack of jurisdiction. Shell Eastern Petroleum Products, Inc., alone has appealed.

The appellant, being a defendant in an action in tort which has been terminated by a dismissal of the complaint for want of jurisdiction, can take nothing on this appeal unless it appears that the judgment in its favor was less conclusive in its effect than one to which it was entitled, for otherwise none of its legal rights have been invaded.

The suit as brought was not within the jurisdiction of the District Court. The only possible ground of such jurisdiction was diversity of citizenship, and the complaint itself showed that the plaintiff and one of the two defendants alleged to have been joint tort-feasors were residents of the same state. That allegation was correct, and ever since Strawbridge et al. v. Curtiss et al., 3 Cranch, 267, 2 L. Ed. 435, the law has been too well settled on this point to leave the question of jurisdiction even debatable. See Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S. 379, 4 S. Ct. 510, 28 L. Ed. 462. With such parties to the action, the judgment of necessity had to be set aside. The plaintiff could undoubtedly have sued Shell Eastern Products, Inc., alone in the District Court. We may assume arguendo that, even after the suit was brought as it was, he could have discontinued as to Jacklowitz and proceeded against the nonresident defendant. See Thomas v. Anderson (C. C. A.) 223 F. 41. But he did not attempt that. On the contrary, he opposed the effort of Shell Eastern Petroleum Products, Inc., to bring about a severance which would eliminate the defendant whose presence destroyed the jurisdiction. The question of jurisdiction aside, no one will deny the right of the plaintiff to elect to sue the defendants jointly even though he could have sued either separately had he preferred so to do. Neither defendant had the right to compel the plaintiff to prosecute the suit against one of them alone. Louisville & Nashville R. Co. v. Ide, 114 U. S. 52, 5 S. Ct. 735, 29 L. Ed. 63; Chicago, Burlington & Quincy R. Co. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521. Nor did the appellant acquire any rights by virtue of a so-called trial on the merits in a court which had no jurisdiction. Its right to a severance after trial could have been no greater than before. Obviously it had none before. In no event could the appellant force the plaintiff to a judgment in this action which would be pleadable in bar in a subsequent suit, and that is the only possible interest the appellant can have in this appeal.

In New Orleans v. Winter, 1 Wheat. 91, 4 L. Ed. 44, even where the interests of the plaintiffs may not have been joint and the presence of one of them destroyed jurisdiction, it was held that their election to sue jointly deprived the court of jurisdiction. The election of this plaintiff to sue the defendants jointly had the same effect. Both of the defendants were necessary parties to the suit as brought, and so the only cause of action before the court was not within its power to try, notwithstanding that liability for the tort was several as well as joint. Devost v. Twin State Gas & Electric Co. (C. C. A.) 250 F. 349; Matthew v. Coppin (C. C. A.) 32 F.(2d) 100. The motion for severance was properly denied.

Our attention has been called to many decisions in removal cases, though the issue here is not the same. A plaintiff may not, to be sure, defeat the right of a defendant to remove a cause from a state court to a District Court by including unnecessary parties in such a way as to destroy federal jurisdiction. Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867. But when a suit, there cognizable only on the ground of diversity of citizenship, is originally brought in a federal court, the plaintiff's choice of parties is controlling on the question of jurisdiction. Lee v. Lehigh Valley Coal Co., 267 U. S. 542, 45 S. Ct. 385, 69 L. Ed. 782.

Affirmed.