**McGRIER v. P. BALLANTINE & SONS et al.**

Civil No. 2506.

District Court, E. D. New York.

May 4, 1942.

Grant, Clark & Fox, of New York City (Byron Clark, Jr., of New York City, of counsel), for defendant P. Ballantine & Sons, for the motion.

Ben M. Selbest, of Brooklyn, N. Y., for plaintiff, opposed.

CAMPBELL, District Judge.

This is a motion made on behalf of the defendant, P. Ballantine & Sons, to dismiss the complaint on the ground that it affirmatively appears that this Court is without jurisdiction.

This is an action brought by the plaintiff to recover from the defendants damages for personal injuries, and the basis for the jurisdiction of this Court would be alleged diversity of citizenship.

The complaint alleges that the plaintiff is a resident of the State of New York, that the defendant P. Ballantine & Sons is a New Jersey corporation with a place of business in this District, and that the defendants Melville Hollins and Jeanette Zaillard are residents of the State of New York.

The defendants are alleged to be joint tort-feasors, and this is an original action.

For this Court to have jurisdiction under the complaint herein, it must be based on diversity of citizenship between the plaintiff and each and all of the defendants. Raphael v. Trask, 194 U.S. 272, 277, 24 S.Ct. 647, 48 L.Ed. 973; Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79

L.Ed. 338; Olsen v. Jacklowitz et al., D.C., 6 F.Supp. 102, affirmed 2 Cir., 74 F.2d 718, 719; Osthaus v. Button, 3 Cir., 70 F.2d 392, 393, 394; Treinies v. Sunshine Min. Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85; Mathers & Mathers v. Urschel, 10 Cir., 74 F.2d 591; Dollar S. S. Lines, Inc., et al. v. Merz, 9 Cir., 68 F.2d 594; Meyer v. Kansas City Southern Ry. Co., D.C., 11 F.Supp. 937, affirmed 2 Cir., 84 F.2d 411, certiorari denied 299 U.S. 607, 57 S.Ct. 233, 81 L.Ed. 448.

The affirmative allegations of the complaint show that this Court does not have jurisdiction of this action, because, while there is diversity of citizenship between the plaintiff and the defendant P. Ballantine & Sons, there is no diversity of citizenship between the plaintiff and the defendants Jeanette Zaillard and Melville Hollins, but on the contrary that they are all residents of the State of New York. Woodhouse v. Budwesky, 4 Cir., 70 F.2d 61.

The joinder of the defendants was the act of plaintiff, and binding on him, and the Court is without jurisdiction. Olsen v. Jacklowitz et al., 2 Cir., 74 F.2d 718, 719; Lee v. Lehigh Valley Coal Co., 267 U.S. 542, 45 S.Ct. 385, 69 L.Ed. 782.

The joining of the parties was more than a mere form. Lee v. Lehigh Valley Coal Co., supra, 267 U.S. at page 543, 45 S.Ct. 385, 69 L.Ed. 782.

The contention on behalf of plaintiff that the Court has jurisdiction because service of the summons has not been made on any of the defendants, except P. Ballantine & Sons, finds no support in the law, because by Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a civil action is and was, at the time of the commencement of this action, commenced by the filing of the complaint in the Clerk's office of this Court, not by the service of the summons on the defendants.

Not only does not the failure to serve the summons on the other defendants give this Court jurisdiction, but I do not believe jurisdiction would be given as against the defendant P. Ballantine & Sons by a discontinuance as against the other defendants, as jurisdiction is determined by the allegations of the complaint, as filed, not by subsequent statements or actions.

The plaintiff's contention that the Court can not be ousted of jurisdiction by the joinder of formal or nominal parties is not of moment on the decision of this motion, as the defendants other than P. Ballantine & Sons are alleged by plaintiff, in his complaint, to be joint tort-feasors, and proper and necessary parties to the action.

The motion to dismiss the complaint herein is granted, not on the merits and without prejudice, and without costs.