**GENOVESE et al. v. SKOL CO., Inc., et al.**

District Court, S. D. New York.

March 8, 1945.

Anthony J. Graziano of New York City, for plaintiffs.

Hoguet, Neary & Campbell, of New York City (Mark N. Donohue, of New York City, of counsel), for defendant Skol Co., Inc.

MANDELBAUM, District Judge.

The action is for unfair competition based on an alleged infringement of plaintiffs' common law trade-mark. Since the trade-mark is not registered, jurisdiction is not conferred in this court under the

trade-mark laws of the United States. Plaintiffs invoke the jurisdiction of the court solely on the ground of diversity of citizenship.

This is a motion by one of the defendants, Skol Company, Inc., to dismiss the action as against it on the ground that the court is without jurisdiction.

The complaint states that both of the plaintiffs and defendant, Skol Company, Inc., are residents of New York. The law has been settled since the opinion of Chief Justice Marshall in Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435, that to confer federal jurisdiction by reason of diversity, the citizenship of all of the plaintiffs must be different than the citizenship of every defendant. It thus appears from the face of the complaint that this court lacks jurisdiction over the action because the moving defendant has the same citizenship as the plaintiffs.

Without the defendant, Skol Company, Inc., the diversity requirements would be met. Skol Company, Inc., is a proper but not a necessary party. The court in its discretion, can retain jurisdiction of a suit by allowing dismissals as to proper, but not necessary parties whose presence would oust the jurisdiction of the court. Thomas v. Anderson, 8 Cir., 223 F. 41, 43.

Motion granted. Settle order on notice.