## MOLLOY et al. v. MOUNT et al.
### Civil Action No. 2203.

District Court, D. Connecticut.
Dec. 9, 1947.

Ralph C. Dixon and Day, Berry & Howard, all of Hartford, Conn., for plaintiffs.

Philip R. Shiff, of New Haven, Conn., for defendants.

SMITH, District Judge.

Plaintiffs, residents of Connecticut, bring this action for personal injuries, alleging that the matter in controversy exceeds the jurisdictional amount, against a New York corporation and an individual alleged to be a citizen of New York, as the joint or alternative owners of a motor vehicle, for negligence of the driver, alleged to be the servant or agent of one or both.

Defendants move to dismiss for lack of jurisdiction by reason of the Connecticut citizenship of the individual defendant.

Proof was offered at a hearing on the citizenship of the individual defendant and it is now conceded that he is a citizen of Connecticut and that the action must be dismissed as to him.

Plaintiffs concede that, under the rule of Strawbridge v. Curtiss, 1806, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435, the action may not be maintained against both defendants.

Plaintiffs ask, however, that the action be not dismissed as to the corporate defendant, a citizen of New York.

Defendants contend that jurisdiction cannot be retained by dismissal of the action against the non-diverse citizen, if he was a proper or necessary party, citing Mc-

Grier v. P. Ballantine & Sons et al., D.C.E.D.N.Y.1942, 44 F.Supp. 762.

The McGrier case apparently so holds. It appears, however, to be in conflict with the ruling in Genovese et al. v. Skol Co., Inc., et al., D.C.S.D.N.Y.1945, 73 F.Supp. 423. The later case reaches a result which appears more in harmony with the spirit of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and conforms to the rule followed before their adoption. That rule is that, if the Court finds the party defendant whose presence defeats jurisdiction by destroying diversity is not indispensable, the action may be dismissed as to that party and proceeded with against the other defendant. Vattier v. Hinde, 1833, 7 Pet. 252, 261-265, 32 U.S. 252, 261-265, 8 L.Ed. 675; Thomas et al. v. Anderson et al., 8 Cir., 1915, 223 F. 41, 43.

On the facts, Lee v. Lehigh Valley Coal Co. et al., 1925, 267 U.S. 542, 45 S.Ct. 385, 69 L.Ed. 782, has not overruled the Vattier case, for, in the Lee case, the plaintiff attempted to retain the party in the action, aligned, in order to save diversity, on the side to which she did not belong.

So far as the defendants in the case at bar are charged in the alternative as being, one or the other, a master whose servant was negligent, either is a necessary but not an indispensable party to a suit against the other. It would be likewise if they were merely to be considered joint tort feasors. 2 Moore's Federal Practice, 2146, n. 6. Here, however, the mongrel "and/or" charges both defendants jointly as masters as well as each alternatively. In that position, both would appear to be indispensable. But see McRanie v. Palmer, D.C.Mass.1942, 2 F.R.D. 479.

Even though we hold that the citizen defendant is only a necessary, not an indispensable party, and that the Court has the power to dismiss as to him and retain jurisdiction over the other defendant, we must consider whether it is good judgment so to exercise the Court's discretion. If defendants were co-owners of the vehicle and the driver was the servant of both, plaintiffs' claim against both can more conveniently be adjudicated in one action.

The plaintiffs are not barred by limitations in proceeding against both defendants in the state courts. No difficulties of service or venue exist to make such an action undesirable. In these circumstances, there appears no good reason to retain the action against the corporate defendant when it must be dismissed as to the individual.

The motion to dismiss the action is granted, not on the merits, and without prejudice and without costs.