## OVERLANDER v. MELLON et al.

### Civ. No. 83–49.

United States District Court
D. Nebraska, Lincoln Division.

March 4, 1950.

John L. Mattox, of Syracuse, Nebraska, for plaintiff.

Truman W. Morsman (Morsman, Maxwell, Fike & Sawtell), of Omaha, Nebraska, for defendant Annabelle Mellon.

G. L. DeLacy (Kennedy, Holland, DeLacy & Svoboda), of Omaha, Nebraska, for defendants Byron Reed Company, Inc., and Glenn H. LeDioyt.

DELEHANT, District Judge.

By an order recently entered upon the court's motion after an examination of the files in this action, a time was prescribed for hearing upon (a) the question of the court's jurisdiction and (b) any then pending and undetermined motion or other preliminary pleading in the case. At such hearing the problem of jurisdiction was chiefly considered. Briefs relating to it have also been submitted, the plaintiff supporting, and the defendants Byron Reed Company, Inc., and Glenn H. LeDioyt opposing jurisdiction.

The action was instituted by the plaintiff, a citizen of Nebraska against the defendants, Mellon, a citizen of California, Byron Reed Company, Inc., a Nebraska corporation, and LeDioyt, a citizen of Nebraska. The complaint's averments touching citizenship are not made with precision, since it speaks, in the case of the individual parties, rather of "residence" and "domicile". But the citizenship of those two parties is not questioned. Process was served on the defendant corporation and LeDioyt in Douglas County, Nebraska, and a summons was issued for the defendant Mellon and a copy of it and a copy of the complaint were delivered to her in Los Angeles, California. Alleging his occupancy as tenant of a Nebraska farm owned by the defendant, Mellon, whose agent in the farm's management was and is the defendant corporation, represented in the field by the defendant, LeDioyt, its employee, and that the defendant, LeDioyt, in the course of his employment by the corporate defendant and in behalf of the defendant, Mellon, wrongfully abused, threatened and assaulted the plaintiff, the plaintiff demands judgment against the defendants, and each of them, for a sum of money exceeding $3,000.00, together with costs. The case is, therefore, one for the recovery of a joint and several judgment for money only against all of the defendants, and an entirely personal action.

■ Jurisdiction is claimed on the ground of diversity of citizenship. It must obviously be denied because of the common Nebraska citizenship of the plaintiff and the defendants Byron Reed Company, Inc., and LeDioyt, jointly included as defendants with the defendant Mellon.

By Title 28 U.S.C.A. § 1332(a)(1) it is provided that: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between: (1) Citizens of different States".

■ Construing the indistinguishable language of the code in its former revision, which is the source of Section 1332(a)(1), the Supreme Court of the United States recently said in Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 17, 86 L. Ed. 47: "To sustain diversity jurisdiction there must exist an 'actual' * * * 'substantial' * * * controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side."

And it resorted in support of that observation to the early case of Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 159, 2 L.Ed. 435 in which the court as early as 1806 ruled that, "If there be two or more joint plaintiffs, and two or more joint defendants, each of the plaintiffs must be capable of suing each of the defendants, in the courts of the United States, in order to support the jurisdiction."

The necessity of actual diversity of citizenship as between each hostile plaintiff and defendant has often been reiterated by the supreme court, sometimes in default of any jurisdictional contention by parties. Among representative cases may be mentioned, Cameron v. McRoberts, 3 Wheat. 591, 16 U.S. 591, 4 L.Ed. 467; Greeley v. Lowe, 155 U.S. 58, 15 S.Ct. 24, 39 L.Ed. 69; Shainwald v. Lewis, 108 U.S. 158, 2 S.Ct. 385, 27 L.Ed. 691; Mitchell v. Maurer, 293

U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338; Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85; and Lee v. Lehigh Valley Coal Co., 267 U.S. 542, 45 S.Ct. 385, 386, 69 L.Ed. 782.

In the case last cited, the court affirmed an order of dismissal for want of jurisdiction of a suit for relief under a lease brought in the District Court for the Southern District of New York against the lessee, a Pennsylvania corporation, and, as an allegedly unwilling party, the plaintiff's sister and colessor, a citizen of Pennsylvania. Upon appeal the plaintiff argued that his colessor was not a necessary party in which relation she would have to be aligned with him as a plaintiff for jurisdictional purposes; and the court, speaking through Mr. Justice Holmes, noticed the familiar rule that a defendant seeking to remove a case to the federal court may question the status as a necessary party of one or more of the other parties included by his adversary. But the court then said: "It is a different question whether the plaintiff can repudiate the effect of his own joinder, can retain a party to the relief sought and yet keep him on the wrong side in order to avoid the effect of his own act. Without inquiring whether the plaintiff could have maintained the suit alone had he so elected and had he found it impossible to join Kate P. Dixon, obviously she was a 'necessary' even if not an indispensable party. Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158. It would be hard upon the Coal Company to compel it to submit to an adjudication upon the lease, upon a fraud alleged to have been committed against both owners, and to an account, in the absence of one of the lessors. The joinder of both is much more than a mere form. As both are named they must be arranged upon the side on which they belong. Menefee v. Frost, 2 Cir., 123 F. 633. Blacklock v. Small, 127 U.S. 96, 8 S.Ct. 1096, 32 L.Ed. 70."

The court of appeals, eighth circuit, has consistently and necessarily observed the same rule, e.g., Hawes v. First National Bank of Madison, 8 Cir., 229 F. 51; Emmke v. DeSilva, 8 Cir., 293 F. 17; Thomson v. Butler, 8 Cir., 136 F.2d 644, certiorari denied 320 U.S. 761, 64 S.Ct. 69, 88 L.Ed. 454, rehearing denied 320 U.S. 813, 64 S.Ct. 156, 88 L.Ed. 491; Thompson v. Moore, 8 Cir., 109 F.2d 372; De Hanas v. Cortez-King Brand Mines Co., 8 Cir., 26 F.2d 233, certiorari denied 278 U.S. 635, 49 S.Ct. 32, 73 L.Ed. 552. And it is administered uniformly in other United States courts. Mathers & Mathers v. Urschel, 10 Cir., 74 F.2d 591; Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, affirmed 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; Osthaus v. Button, 3 Cir., 70 F.2d 392; Shipp v. Williams, 6 Cir., 62 F. 4; Van Ingen & Co. v. Burlington County Bridge Commission, D.C.N.J., 83 F.Supp. 778; Genevese v. Skol Co., D.C.N. Y., 73 F.Supp. 423; Soptich v. St. Joseph National Croatian Beneficiary Ass'n, D.C. Kan., 34 F.2d 566.

■ On this occasion, the plaintiff has elected to proceed against the three defendants upon an alleged joint liability. He had the unquestionable right to do that since, under the law of Nebraska where the tort is claimed to have been committed, a joint liability could arise against the three defendants for a wrong committed by the defendant, LeDioyt, in the course of his employment by Byron Reed Company, Inc. and, through it, by the defendant, Mellon. To that joint claim all three defendants are proper parties. And two of them sharing Nebraska citizenship with the plaintiff, this court's jurisdiction fails.

The case is, therefore, being dismissed at the plaintiff's costs for want of jurisdiction.

■■ In view of that dismissal the court is under no necessity of proceeding further with its discussion. It may, however, be observed in the interest of clarity and thoroughness that, although at the time of the hearing the defendants Byron Reed Company, Inc. and Glenn H. LeDioyt had formally tendered only a presently irrelevant motion for a more definite statement, the defendant, Mellon, had served and filed a motion to quash service of process on her. Considered as a motion within the contemplation of Rule 12(b)(4, 5), Federal Rules of Civil Procedure, 28 U.S.C.A., that pleading is well taken and would necessarily be sustained, if the dismissal for want of jurisdiction were not required.

Pointing to Title 28 U.S.C.A. § 1391(b), the plaintiff insists that he had the right to bring his action against the defendant Mellon in this district and division where he, the sole plaintiff, resides. That is true but it is no answer to the position tendered in the motion of the defendant Mellon. Electing to sue her in this purely personal action within the state of his own residence, the plaintiff must proceed in such circumstances that he may obtain service of process upon her in Nebraska. If, by coming into Nebraska or otherwise, she shall hereafter bring herself within the service of the process of this court, he may still sue her in this district and division, but not jointly with her present codefendants or any other Nebraska citizen. Except when a statute of the United States provides for service beyond the territorial limits of the state in which the court is held, the reach of this court's process is limited to the state of Nebraska. Rule 4(f), Federal Rules of Civil Procedure; Camp v. Gress, 250 U.S. 308, 314, 39 S.Ct. 478, 481, 63 L.Ed. 997 wherein the court in this connection said: "Ordinarily jurisdiction could be obtained in the district of the plaintiff's residence only over nonresidents because all of the defendants must be nonresidents in order to satisfy the requirement of diversity of citizenship. And as to these there can be personal jurisdiction only so far as found within or voluntarily appearing within the district."; Moreno v. United States, 1 Cir., 120 F.2d 128; Howard v. United States, 10 Cir., 126 F.2d 667, certiorari denied 316 U.S. 699, 62 S.Ct. 1297, 86 L.Ed. 1768; Melekov v. Collins, D.C.Cal., 30 F.Supp. 159; Niemiec v. Interstate Motor Freight System, D.C. Mich., 2 F.R.D. 408; Miller v. Hano, D.C. Pa., 8 F.R.D. 67. No statute is suggested, or believed by the court to exist, as authority for the service of the process of this court beyond the boundaries of Nebraska in an action of this character.

Accordingly, if the suit were not being dismissed for want of jurisdiction, the motion of the defendant Mellon for the quashing of the service of process upon her would be granted and sustained and such service would be quashed. Such action would leave a suit whose plaintiff and only defendants are Nebraska citizens, which in default of any asserted ground of jurisdiction except diversity of citizenship, would then imperatively undergo dismissal for failure of jurisdiction.