**Bennie Joe BAILEY, Plaintiff,**

**v.**

**ARMOUR SERVICE OF OKLAHOMA, INC., Armour Management Corporation, Armour Oil Company, and Earl White, an individual, Defendants.**

Civ. No. 64–10.

United States District Court
W. D. Oklahoma.

March 16, 1964.

---

880

John Lacy and Don Manners, Oklahoma City, for plaintiff.

James W. Shepherd, c/o Foliart, Shepherd & McPherren, Oklahoma City, for defendants.

DAUGHERTY, District Judge.

Upon consideration of the Motion to Dismiss of the defendants and the response of plaintiff thereto and the briefs filed in support of and in opposition to said motion, the Court finds that said Motion to Dismiss should be sustained and this action should be dismissed due to a lack of jurisdiction in this court, inasmuch as there does not exist the required diversity of citizenship between the parties plaintiff and defendant.

The pleadings before the Court establish that the plaintiff is a citizen of Oklahoma, the defendant Earl White is a citizen of Oklahoma, the defendants Armour Management Corporation and Armour Oil Company are citizens of California, and defendant Armour Service of Oklahoma, Inc., is an Oklahoma corporation and thereby a citizen of Oklahoma under 28 United States Code, § 1332.

The plaintiff does not allege the citizenship of defendant Earl White in his complaint (petition) filed herein, but the defendants in their Motion to Dismiss allege the citizenship of Earl White to be in the State of Oklahoma. The plaintiff does not dispute this allegation in his response to said Motion to Dismiss nor in his brief in opposition to said Motion to Dismiss. The Court therefore proceeds on the basis that the citizenship of the defendant Earl White is in the State of Oklahoma without dispute.

The plaintiff claims that the Oklahoma corporate defendant is a paper corporation conceived solely for the purpose of avoiding liability of the other two corporate defendants who also fully control the Oklahoma corporation. Further, that said Oklahoma corporate defendant and the defendant Earl White, an individual, are merely nominal defendants and were acting only as agents and employees of the two California corporate defendants.

In this case the plaintiff seeks money damages against all four defendants for false arrest and malicious prosecution. Plaintiff alleges that the defendant Earl White filed the criminal complaint involved. Plaintiff seeks $5,000,000.00 in damages against Earl White as a result of said act. In these circumstances it cannot be said that Earl White is merely a nominal party. An actual participant in an alleged tort is not merely a nominal party. See Fox v. Mackay, C.C., 60 F. 4; McGrier v. P. Ballantine & Sons, D. C., 44 F.Supp. 762. Therefore, in this case a citizen of Oklahoma sues a citizen of Oklahoma and the required diversity of citizenship herein is lacking for this court to have jurisdiction.

It is therefore ordered that the complaint (petition) of plaintiff be and the same is hereby dismissed for lack of jurisdiction.