Susan I. LANE, Plaintiff,

v.

Kenneth J. BIRNBAUM, Frieda Birnbaum, and Sylvia B. Treiber, Defendants.

95 Civ. 1596 (PKL).

United States District Court, S.D. New York.

Dec. 11, 1995.

Jared B. Stamell, Stamell, Tabacco & Schager, L.L.P., New York City, for plaintiff.

Paul Rubell, Hollenberg Levin Solomon Ross & Belsky, L.L.P., Garden City, New York, for defendants.

## MEMORANDUM ORDER

LEISURE, District Judge:

This Court referred this action to the Honorable Theodore H. Katz, United States Magistrate Judge, for preparation of a report and recommendation on defendants' motion, *inter alia*, to dismiss for lack of subject matter jurisdiction. On November 15, 1995, Judge Katz issued a Report and Recommendation (the "Report") that this Court grant defendants' motion to dismiss for lack of subject matter jurisdiction. Plaintiff has submitted objections to the Report. The Court has reviewed the Report, and made a *de novo* determination, as required by 28 U.S.C. § 636(b)(1), that the Report is legally quite correct and proper. *See United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980) ("[Section 636(b)(1)] permit[s] whatever reliance a district judge, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations."). In addition, the Court has considered plaintiff's arguments objecting to the Report and finds them to be without merit. The Court therefore adopts the Report in its entirety.

Accordingly, for the reasons stated by Judge Katz in the Report, defendants' motion to dismiss for lack of subject matter jurisdiction is HEREBY GRANTED and the action is HEREBY DISMISSED in its entirety.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

KATZ, United States Magistrate Judge.

This action was referred to me for general pretrial supervision and dispositive motions requiring a Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 4 of the Southern District of New York Rules for Proceedings Before Magistrate Judges. Currently before the Court is Defendants' Motion to Dismiss the Amended Complaint and for Summary Judgment. For the following reasons, I recommend that the motion to dismiss for lack of subject matter jurisdiction be granted, and that the action be dismissed in its entirety.

## BACKGROUND

Plaintiff Susan I. Lane and her brother, Defendant Kenneth Birnbaum, are partners and joint owners of several properties in Manhattan and Brooklyn; in two of those properties, their mother, Defendant Sylvia Treiber, also is a joint owner. (Amended Complaint and Jury Demand, dated April 6, 1995 ("Amended Complaint"), ¶ 8.) Defendant Kenneth Birnbaum, an attorney admitted to practice in New York, has managed the properties since the partnerships' inception.

Plaintiff brings this action against her brother and sister-in-law, Kenneth and Frieda Birnbaum, and against her mother, claiming that Kenneth Birnbaum has committed: (1) legal malpractice; (2) fraud; (3) breach of fiduciary duty; (4) violation of a 1991 Stipulation entered into by Plaintiff and Defendant as settlement of an earlier action; and (5) fraudulent concealment. (Amended Complaint ¶¶ 28–37, 41–44, 49–54.) Plaintiff also alleges that Defendants Kenneth and Frieda Birnbaum "purchased a house ... in whole or in part with monies obtained from properties jointly owned by [P]laintiff." (*Id.* ¶ 39.) Plaintiff seeks: (1) compensatory and punitive damages from Defendant Kenneth Birnbaum; (2) the imposition of a constructive trust on the home of Defendants Kenneth and Frieda Birnbaum; (3) the annulment of the 1991 Stipulation; (4) the removal of Defendant Kenneth Birnbaum as manager of

the parties' jointly owned properties, a declaration that he was properly terminated by her letter of October 1993, and appropriate damages; and (5) an accounting of the partnership assets, as well as "an accounting and examination of the Birnbaum Defendants' personal finances." (*Id.* ¶¶ A–F.) Plaintiff sets forth no claims against and seeks no damages from Defendant Sylvia Treiber.

The substantive and procedural history giving rise to Plaintiff's claims is as follows: In 1989, Plaintiff and her mother, Defendant Treiber, brought an action in this Court against Defendant Kenneth Birnbaum, seeking an accounting and other relief with respect to his management of the partnership properties. *Lane v. Birnbaum,* No. 89 Civ. 6324; *see* Amended Complaint ¶ 13. The parties settled the action, and the district judge (Hon. Gerard L. Goettel) ordered the suit dismissed on December 14, 1990. (Order, submitted as Exhibit 3 to Defendants' Letter Brief, dated October 31, 1995 ("Defts.Supp.").) The parties subsequently filed a Stipulation, memorializing the terms of their agreement, on February 7, 1991. (Stipulation, submitted as Exhibit A to Defendants' Motion to Dismiss, dated May 22, 1995.) Judge Goettel signed the Stipulation as "so ordered." (*Id.*)

In July of 1992, Defendant Treiber received a notice from the City of New York, stating that real estate taxes on one of the partnership properties were unpaid. Upon learning of this notice, Plaintiff confronted Defendant Kenneth Birnbaum, but they were unable to reach an agreement. In August of 1993, Plaintiff wrote to Judge Goettel, claiming that the notice was evidence that her brother had violated the terms of their 1991 Stipulation, and requesting the Court's assistance. (Letter to Judge Goettel, dated August 24, 1993, submitted as Defts.Supp. Ex. 4.) Judge Goettel responded:

> The case which you filed in 1989 against your brother was dismissed in 1990 as settled on the basis of an extensive stipulation which had been in force during the

previous year. Consequently, there is no proceeding presently pending before me. I suggest that you consult counsel concerning your legal rights in the matter.

(Letter to Susan I. Lane, dated August 31, 1993, submitted as Defts.Supp. Ex. 5.)

On October 20, 1993, Plaintiff sent her brother a letter purporting to terminate his position as manager of the properties, pursuant to the 1991 Stipulation. Defendant Kenneth Birnbaum has continued to manage the properties. (Amended Complaint ¶¶ 26–27.)

In February of 1994, the City of New York issued a notice of tax foreclosure with respect to one of the properties. Plaintiff and Defendant Treiber commenced a bankruptcy proceeding to stay loss of the property. Kenneth Birnbaum subsequently paid an installment of the money owed to prevent foreclosure, and the bankruptcy proceeding was dismissed.[1] *See* Affidavit of Susan I. Lane, dated February 23, 1995 ("Lane Aff."), ¶ 12; Affidavit in Opposition by Kenneth J. Birnbaum, dated March 2, 1995, ¶ 14.

On December 16, 1994, Plaintiff filed this action in the Eastern District of New York. The original complaint neither named Sylvia Treiber as a party nor stated a claim with respect to violation of the 1991 Stipulation. *See* Complaint, dated December 16, 1994, *passim.* On February 13, 1995, Defendants Kenneth and Frieda Birnbaum filed a motion to dismiss, on the grounds that: (1) the court lacked personal jurisdiction over Frieda Birnbaum; (2) the claim of legal malpractice failed to state a claim upon which relief could be granted, or, alternatively, should be determined on summary judgment; (3) the claim of fraud was not pleaded with particularity; (4) no action could be maintained under New York law unless preceded by a formal partnership accounting; (5) Plaintiff failed to plead the necessary elements to impose a constructive trust; and (6) Plaintiff had failed to join Sylvia Treiber, who, as a partner, was a "necessary party" under Rule 19 of the Federal Rules of Civil Procedure and under

1. On December 19, 1994, the City of New York notified Defendant Kenneth Birnbaum that, due to delinquency regarding real estate taxes, the City would foreclose on three of the jointly owned properties if payment was not received by January 11, 1995. (Lane Aff.Ex. O.) The record does not indicate whether further action was taken.

New York law.[2] (Defendant's Motion to Dismiss and Memorandum of Law in Support, dated February 13, 1995.)

On March 2, 1995, Judge Nickerson, in the Eastern District of New York, *sua sponte,* transferred the action to this Court.[3] Plaintiff subsequently amended the Complaint to include Defendant Treiber as a party and add a claim regarding the alleged violation of the 1991 Stipulation. Consequently, Defendants Kenneth and Frieda Birnbaum withdrew their previous motion to dismiss, and, on May 22, 1995, submitted the motion that is currently before the Court. They now move to dismiss the action on the following grounds: (1) lack of subject matter jurisdiction, because this Court does not have jurisdiction over the 1991 Stipulation and complete diversity does not exist among the parties; (2) lack of personal jurisdiction over Defendant Frieda Birnbaum; (3) failure to state a claim for legal malpractice; (4) failure to plead the claim of fraud with particularity; (5) failure to conduct a partnership accounting prior to seeking money damages; and (6) failure to plead the elements necessary for a constructive trust. (Defendants' Motion to Dismiss and Memorandum of Law in Support, dated May 22, 1995.) Because I find that this Court lacks subject matter jurisdiction, I do not address Defendants' other claims.

## DISCUSSION

### I. *Supplemental Jurisdiction*

■ Plaintiff argues that this Court has subject matter jurisdiction over the 1991 Stipulation entered in the previous action in this Court, and, therefore, may exercise supplemental jurisdiction over her related claims. (Plaintiff's Memorandum of Law in Opposition, dated July 5, 1995 ("Opp.Memo."), at 3–10.) Plaintiff's claim is without merit.

In *Kokkonen v. Guardian Life Ins. Co. of America,* —— U.S. ——, ——, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994), the Supreme Court unanimously held that a federal district court does not have "inherent" jurisdiction over suits arising from an alleged violation of a settlement agreement. In *Kokkonen,* the plaintiff brought suit in state court, and the defendant removed the case to federal court on the basis of diversity jurisdiction. *Kokkonen,* —— U.S. at ——, 114 S.Ct. at 1674. The parties then settled the case pursuant to an oral agreement. *Id.* at ——, 114 S.Ct. at 1675. After reciting the agreement before the district judge on the record, the parties executed a stipulation and order of dismissal with prejudice, which the judge signed as "so ordered." *Id.* The stipulation and order did not refer to the settlement agreement.[4] *Id.*

The parties subsequently disagreed as to the terms of the settlement, and the plaintiff moved to enforce the agreement in the district court. *Id.* The court, relying on its "inherent power" to do so, entered an enforcement order. *Id.* The United States Court of Appeals for the Ninth Circuit affirmed, and the Supreme Court reversed.

The Court noted that ancillary jurisdiction[5] is properly exercised for only two pur-

---

2. On February 23, 1995, Plaintiff moved by Order to Show Cause for a preliminary injunction to enjoin Defendant Kenneth Birnbaum from managing the properties and from denying Plaintiff access to the partnership's books and records. On March 29, 1995, after the action had been transferred to this Court, the parties appeared before the Honorable Peter K. Leisure for oral argument of the motion for a preliminary injunction. The Court denied the injunction with respect to Birnbaum's management of the properties, and granted the injunction with respect to Plaintiff's access to partnership books and records. *See* Transcript of Proceedings, dated March 29, 1995, at 29–32.

3. The court did not state its reasons for transferring the action.

4. It is clear from the briefs and the transcript of oral argument before the Supreme Court that the district judge was actively involved in procuring the settlement, and that he intended to retain jurisdiction should disputes regarding the settlement arise. Brief for Respondents, No. 93–263, 1994 WL 137026, at **3–4 (January 5, 1994); Transcript of Oral Argument, 1994 WL 665067, at **25–26 (March 1, 1994).

5. The Court used the term "ancillary jurisdiction" although, under the Judicial Improvements Act of 1990, the traditional doctrines of "pendent" and "ancillary" jurisdiction are superseded by the doctrine of supplemental jurisdiction. *See* 28 U.S.C. § 1367.

poses: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at ——, 114 S.Ct. at 1676 (citations omitted). Focusing on the second of these, the Court reasoned that, because "the only [court] order . . . was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement," ancillary jurisdiction was absent. *Id.* at ——, 114 S.Ct. at 1677. The Court further stated that the judge's "mere awareness and approval" of the settlement was of no moment. *Id.*

The Court did, however, posit a situation in which the exercise of jurisdiction would be proper:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

*Id.* Plaintiff argues that this case presents such a situation. Specifically, she asserts that the terms of her settlement with Kenneth Birnbaum were incorporated into Judge Goettel's Order of Dismissal in the 1989 action, in the manner contemplated by the *Kokkonen* Court. I disagree.

The record reveals that Judge Goettel entered an Order, dismissing the 1989 action as settled, on December 14, 1990. That Order stated:

> This case having been on the suspense calendar for nine months following counsel's advice that the case had been settled which, in turn, followed an extensive stipu-

lation dated October 17, 1989 of an interim agreement, and nothing further having been heard from the parties, it is ordered that the action is dismissed as settled.

(Order, dated December 14, 1990, submitted as Defts.Supp. Ex. 3.) The language of the Order indicates that the dismissal was in no way contingent upon the terms of the settlement; in fact, the Court had received no information regarding the terms of the settlement for nine months prior to dismissal. The parties subsequently embodied the terms of their settlement in a Stipulation, upon which Plaintiff now relies, dated February 7, 1991—almost two months after the case before Judge Goettel had been dismissed. The Stipulation was then submitted to Judge Goettel.

Plaintiff contends that, because Judge Goettel "so ordered" the Stipulation, the Stipulation was an order of this Court. Therefore, she argues, this Court has jurisdiction to enforce its terms, which explicitly incorporated the parties' settlement agreement. (Plaintiff's Memorandum in Opposition, dated July 5, 1995 ("Opp.Memo."), at 3–7.) Plaintiff's argument ignores, however, that the case had already been dismissed unconditionally.[6]

The December 1990 dismissal precludes any claim that the Court has an interest in "effectuating its decree" by enforcing the terms of the February 1991 Stipulation. Such an interest would lie only if the Court's Order of Dismissal had been premised on the terms of the parties' agreement. *See, e.g., Morris v. City of Hobart,* 39 F.3d 1105, 1110–11 (10th Cir.1994) (no jurisdiction where court "clearly did not condition the dismissal on compliance with the settlement agreement . . . [and the] order of dismissal did not incorporate the settlement agreement"), *cert. denied,* —— U.S. ——, 115 S.Ct. 1960, 131 L.Ed.2d 852 (1995); *Scelsa v. City Univ. of New York,* No. 92 Civ. 6690 (CBM), 1995 WL 571880, at *1, 1995 WL 571880 (S.D.N.Y. Sept. 27, 1995) (finding claim that court retained jurisdiction over agreement to be "il-

---

6. In light of that dismissal, it is unclear whether the Court even had jurisdiction to order the Stipulation. *See Barr Lab., Inc. v. Abbott Lab.,* 867 F.2d 743, 746, 748 (2d Cir.1989) (stating that the Second Circuit "never [has] determined whether a district court is divested of all jurisdiction over an action after the filing of . . . a stipulation [of dismissal that is signed by all parties]," and declining to find jurisdiction under the circumstances of that case).

logical in that the agreement was never before the court for purposes of dismissal"); *Gugel v. Consolidated Rail Corp.*, Civ.A. No. 91–5304, 1994 WL 672619, at *1, 1994 WL 672619 (E.D.Pa. Nov. 29, 1994) (no jurisdiction where "the parties' compliance with the settlement agreement was not an operative part of the dismissal order"). In this case, the Order of Dismissal preceded the Stipulation by almost two months. It is therefore apparent that compliance with the agreement was not an operative part of the dismissal. That the parties subsequently felt the need to have the terms of their agreement embodied in a stipulation on file with the Court, cannot serve to vest the Court with jurisdiction over the agreement.[7] *See Gugel,* 1994 WL 672619, at *1 (court's acknowledgment of settlement agreement did not make the parties' compliance with the settlement agreement a condition or provision of the dismissal order). Clearly, the Court's dismissal of the action was in no way conditioned upon the parties' compliance with the terms of the agreement. Nor did the Court retain jurisdiction over the parties' agreement. Therefore, enforcement of the settlement agreement is a matter of contract between the parties, for the state courts to address.

## II. *Diversity Jurisdiction*

Plaintiff also argues that, if this Court finds that it does not have jurisdiction arising out of the Stipulation, this case is properly before the Court on the basis of diversity jurisdiction. (Opp.Memo. at 11–13.) Plaintiff is a citizen of Connecticut, and each of the defendants is a resident of New Jersey. (Amended Complaint ¶ 1.) Defendants Kenneth and Frieda Birnbaum contend, however, that complete diversity does not exist among the parties. Specifically, they argue that Defendant Sylvia Treiber, who, like the Birnbaums, is a New Jersey resident, must be realigned as a party plaintiff. (Defendants' Memorandum of Law, dated May 22, 1995, at 3–8.) I agree.

■ Diversity jurisdiction requires the existence of an actual and substantial controversy between citizens of different states, such that "all [parties] on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941); *see* 28 U.S.C. § 1332. Because "[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants," jurisdiction is not controlled by the plaintiff's determination of the parties' alignment. *City of Indianapolis,* 314 U.S. at 69, 62 S.Ct. at 17. Rather, it is the court's duty to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.,* 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905), *quoted in City of Indianapolis,* 314 U.S. at 69, 62 S.Ct. at 17.

■ To determine the parties' proper alignment, this Court must ascertain whether there is an actual "collision of interests" between the opposing parties. *Maryland Casualty Co. v. W.R. Grace & Co.,* 23 F.3d 617, 622 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 655, 130 L.Ed.2d 559 (1994); *Oppenheimer & Co. v. Neidhardt,* No. 93 Civ. 3854 (SS), 1993 WL 546673, at *4 (S.D.N.Y. Dec. 30, 1993), *aff'd,* 56 F.3d 352 (2d Cir.1994); *see City of Indianapolis,* 314 U.S. at 69, 62 S.Ct. at 17. The Court must not hypothesize controversies that may arise; instead, the Court should look to the " 'realities of the record' to discover the 'real interests' of the parties." *Maryland Casualty Co.,* 23 F.3d at 623 (quoting *City of Indianapolis,* 314 U.S. at 69, 62 S.Ct. at 16). The relevant inquiry is not limited to the "primary purpose" of the litigation, however, and includes conflicts that are ancillary to the suit's central issues. *Maryland Casualty Co.,* 23 F.3d at 623.

---

7. Although the *Kokkonen* Court made clear that neither the parties' nor the court's intent with regard to the settlement terms controls the issue of retention of jurisdiction, *see* —— U.S. at ——, 114 S.Ct. at 1677, Judge Goettel's 1993 letter to Plaintiff is at least informative in its indication that his intent was consistent with the clear language of his Order of Dismissal. In that letter, Judge Goettel stated that the Court considered the case to have been dismissed in 1990, and indicated that the Court did not intend to address subsequent disputes over the terms of the settlement agreement. (Defts.Supp.Ex. 5.)

◼ The facts of this case reveal no conflict whatsoever between Plaintiff and her mother, Defendant Sylvia Treiber. Plaintiff neither alleges claims against nor seeks relief from Treiber. *See* Amended Complaint *passim.* In fact, prior to amending the complaint to include Treiber as a defendant, Plaintiff procured a certified statement from Treiber, in which Treiber waived her right to participate in the litigation. (Certification of Sylvia B. Treiber, filed April 10, 1994 ("Certification"), ¶ 4; Transcript of Proceedings, dated March 29, 1995, at 17.) In that certification, Treiber stated, "I fully support my daughter's prosecution of the suit. Because of his mismanagement which now threatens the properties with tax foreclosure, I agree that my son should be removed as manager." (Certification ¶ 3.) This statement, coupled with Treiber's prior involvement as a co-plaintiff with Lane against Birnbaum in two earlier proceedings regarding the properties, conclusively demonstrates that Treiber's true interests lie with Plaintiff.[8]

Indeed, Plaintiff does not argue that Defendant Treiber's interests conflict with hers, and admits that Treiber was made a defendant for the sole purpose of joining all parties to the partnership. (Opp.Memo. at 12.) Plaintiff instead argues that Treiber should not be realigned because "she does not want to be a party due to her age and health ... [and] she has no interest in prosecuting the claim." (*Id.*)

◼ Plaintiff's argument is misguided. Treiber's unwillingness to prosecute the claim actively in no way affects the propriety of the parties' alignment for jurisdictional purposes. As noted above, diversity jurisdiction requires "a *bona fide* controversy between ... citizens of different states." *Maryland Casualty Co.*, 23 F.3d at 623; *accord Oppenheimer & Co.*, 1993 WL 546673, at *5. That a party may not wish to pursue litigation actively does not create a "*bona fide* controversy" with the plaintiff, particularly where that party "fully support[s]" the plaintiff's position. *See, e.g., Lee v. Lehigh Valley Coal Co.*, 267 U.S. 542, 542–43, 45 S.Ct. 385, 385–86, 69 L.Ed. 782 (1925) (realigning named defendant as plaintiff for diversity purposes although she originally refused to be a plaintiff); *Hamer v. New York Railways Co.*, 244 U.S. 266, 274, 37 S.Ct. 511, 514, 61 L.Ed. 1125 (1917) (refusal to sue does not make party an adversary to plaintiff for diversity purposes); *Standard Oil Co. v. Perkins*, 347 F.2d 379, 381 (9th Cir.1965) ("[N]or do we find that Powell's position was 'adverse' to that of Perkins in the sense that required him to be made a party defendant. To say that Powell did not agree with Perkins that an action should have been brought, is not to say that he occupied the position of a defendnat...."); *Naiditch v. Banque De Gestion Privee–SIB*, No. 92 C 5290, 1993 WL 424248, at *4 (N.D.Ill. Oct. 19, 1993) ("[T]he mere refusal to join the action as a plaintiff does not mean that the recalcitrant party has an ultimate interest in the outcome of the suit which is adverse to that of the plaintiff.") (citation omitted); 13B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3607 (2d ed. 1984) (refusal of party to join as plaintiff does not make that party a proper defendant for diversity purposes). Accordingly, Defendant Treiber must be realigned as a plaintiff, thereby destroying diversity.[9]

---

**8.** The Stipulation upon which Plaintiff relies in this action was negotiated by Plaintiff and Treiber, as plaintiffs, against Birnbaum, as defendant.

**9.** Plaintiff also argues that, if the Court realigns Treiber as a plaintiff, the Court nonetheless retains jurisdiction over those claims to which Treiber is "neither necessary nor indispensable." (Opp.Memo. at 11–13.) Specifically, Plaintiff contends that all claims other than the accountings for properties in which Treiber is a partner are "personal" to Lane, and, therefore, the Court need only look to the citizenship of Lane and the Birnbaums to determine the existence of diversity for those claims. Plaintiff cites one case, *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs.*, 903 F.2d 352 (5th Cir.1990), to support her argument. Contrary to Plaintiff's assertion, however, that case does not support the proposition that a court will not realign a party whose presence is not indispensable to the claims. That case simply holds, *inter alia*, that the citizenship of parties who have no interest in, and are "at most formal parties to," the action is not relevant for diversity purposes. *Hartford Accident & Indem. Co.*, 903 F.2d at 358.

Plaintiff's argument fails for three reasons. First, Treiber is not merely a formal party without any interest in the outcome of this litigation. Treiber recently prosecuted two similar claims against her son, and has stated that she "fully

**130**

As there is no basis for this Court to exercise jurisdiction over Plaintiff's claims, I respectfully recommend that the action be dismissed with prejudice.

## CONCLUSION

For the above reasons, I recommend that the action be dismissed for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Peter K. Leisure, U.S.D.J., and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Leisure. Objections that are not filed on time will be waived for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989).

November 15, 1989).

supports" the prosecution of this action. Second, Plaintiff has not cited, and the Court is not aware of, any cases to support the proposition that the claims may be analyzed separately for diversity purposes. To the contrary, *Maryland Casualty Co., supra,* mandates that this Court consider "the multiple interests and issues involved in the litigation" when determining the parties' proper alignment. *Maryland Casualty Co.,* 23 F.3d at 622. Finally, Plaintiff's reference to Treiber as neither a "necessary" nor an "indispensable" party to certain claims is misguided. Treiber was not joined pursuant to Rule 19 of the Federal Rules of Civil Procedure; instead, Plaintiff voluntarily amended the Complaint to name Treiber as a party-defendant. Admittedly, the Federal Rules of Civil Procedure allow the Court, under certain circumstances which have not been argued or demonstrated here, to dismiss a party who is necessary but not indispensable if that party's joinder would destroy diversity jurisdiction. Fed.R.Civ.P. 19(b). However, Plaintiff does not argue, nor could she since she chose to make Treiber a party, that Treiber should be dismissed from the action. In any event, I find no authority for the proposition that a court may disregard the true interests of a named party to preserve diversity. Plaintiff's argument is unsupported and contravenes the policy, as set forth by the Supreme Court in *City of Indianapolis,* underlying realignment.